SEXTON *v.* MACDOUGALD CONSTRUCTION COMPANY.

RUSSELL, C. J.  1. Where a non-resident voluntarily institutes a suit in a county in this State, he submits himself for all the purposes of that suit to the jurisdiction of the courts of the county in which the suit is pending. *Gordy* v. *Levison,* 157 *Ga.* 670 (2) (122 S. E. 234).

2. The foregoing rule is based upon "the idea that the plaintiff, by voluntarily instituting his suit, gives the superior court of the county where it is so instituted jurisdiction of his person sufficient to answer all the ends of justice respecting the suit originally instituted,—such proceedings in equity being ancillary to or defensive of the pending suit." *Caswell* v. *Bunch,* 77 *Ga.* 504. "But such defendant can not go further and turn the case into a general equity suit against the original plaintiff. *Crawley* v. *Barge,* 132 *Ga.* 96, 98 (63 S. E. 819).

3. By bringing the action of bail-trover Sexton submitted himself to the jurisdiction of the courts of Fulton County, and the defendant, in order to defend its title to the steam shovel, could go into equity in the county where the controversy was pending and bring into court all parties who were asserting or had asserted title to the shovel. The remedy sought by the petitioner is germane to the original cause of action, the same being necessary to sustain its defense; and the petitioner had the right to include, as a party in the action, the vendor from whom petitioner purchased the shovel and from whom it received a warranty of title, so as to settle in one action all questions as to the respective rights of all the parties which are dependent upon their interest in the shovel. *Wachovia Bank & Trust Co.* v. *Jones,* 166 *Ga.* 747 (6) (144 S. E. 256).

4. The court did not err in granting an interlocutory injunction restraining the proceeding in the city court of Atlanta.

*Judgment affirmed. All the Justices concur.*
No. 8955.  FEBRUARY 20, 1933.  REHEARING DENIED MARCH 4, 1933.

*C. E. Moore* and *F. L. Breen,* for plaintiff in error.
*Spalding, MacDougald & Sibley* and *Sumter M. Kelley,* contra.