7

745

*G. G. Bower* and *Maston O'Neal,* for plaintiff in error.

TRAVIS *v.* GOUGH, administrator, *et al.*

No. 10955.  Fᴇʙʀᴜᴀʀʏ 19, 1936.

*W. K. Miller* and *N. M. Reynolds,* for plaintiff.
*G. C. Anderson,* for defendants.

Gɪʟʙᴇʀᴛ, Justice.  Beatrice Travis instituted proceedings in Richmond superior court against Berry Gough as administrator of the estate of Miller Gough, and others, alleging that the adminis-

trator had instituted a trover suit in the city court of Richmond County to recover a described automobile, alleging it to be his property, and that it was in the possession of S. S. Johnson of said county, alleging the value of the automobile, and that it would be "eloigned away and not forthcoming to answer the judgment in said cause." Beatrice Travis further alleged that Gary Whittle, sheriff of the county, had called on Johnson to produce the automobile, and Johnson had failed to do so, denying any claim of title and denying that he was in possession or had ever been, and he failed and refused to give the bond required by law; that Johnson was arrested, but filed an answer denying claim of title and setting up that the automobile was in the possession and custody of Beatrice Travis, and that she had the title. Thereupon the sheriff took possession of the automobile and sold it under an order of court for $90. The petitioner alleges her source of title, and insists that the automobile was worth $400; that neither of the defendants had any right to the possession and control; that the petitioner was not a party to the trover suit, and can not, under the law, file a claim in that proceeding, nor can she intervene, as the city court has no equitable jurisdiction; and that the estate of Miller Gough and the administrator are insolvent. She alleges irreparable injury, and that she is without any adequate remedy at law. She prays that the sheriff be enjoined from disposing of the proceeds of the sale of the automobile, except under an order of court; that the court establish title to the automobile and to the fund; that the defendants be required to set up in the superior court any right they may have to the said automobile or to the proceeds of its sale; that they be enjoined from further prosecuting the trover suit, and for general relief. This equitable suit was dismissed on general demurrer as to all parties, and the plaintiff excepted. On the argument in the Supreme Court the defendants moved to dismiss the writ of error, on the ground that there was no sufficient assignment of error. The plaintiff amended the bill of exceptions to cure the defect.

■ The motion to dismiss is denied.

■ This suit is over a specified sum of money held subject to the order of the court in pursuance of the suit brought by Berry Gough as administrator, in Richmond County, and is not an independent proceeding against Berry Gough as administrator, a

resident of Burke County. Therefore the superior court of Richmond County has jurisdiction of the case.

■ The petitioner seeks to require all parties defendant to intervene in the equitable suit and to have the rights of all determined in that suit. The city court of Richmond County is powerless to afford an adequate remedy to the petitioner. She was not a party, and could not intervene in the trover suit pending in that court. *First National Bank of Bainbridge* v. *Knowles,* 179 *Ga.* 377 (179 S. E. 791), and cit. She alleges that the automobile was illegally seized and sold under a short order, and she is now seeking to impound the proceeds of the sale and to have the court decree that the money belongs to her in lieu of the automobile. The court erred in sustaining the general demurrer and dismissing the petition.          *Judgment reversed. All the Justices concur.*