FERRELL *et al. v.* WIGHT, administrator, *et al.*

No. 12538. NOVEMBER 19, 1938. REHEARING DENIED DECEMBER 8, 1938.

362

*S. B. Lippitt,* for plaintiffs in error.

*S. P. Cain, Leonard Farkas* and *Walter H. Burt,* contra.

GRICE, Justice. ■ It is insisted by counsel for defendants in error that the judge passed no order denying an injunction, but merely continued in force a temporary restraining order; and that such a ruling is not one reviewable by fast writ of error. There was a prayer for injunction; a restraining order was granted; a hearing had at which demurrers were ruled on and evidence sub-

mitted; and the order of the judge excepted to contains the following: "the restraining order of the court heretofore granted on the 20th day of May, 1938, is hereby made continuing until the further order of the court." This was in effect the grant of an interlocutory injunction. *Jones* v. *Warnock,* 67 *Ga.* 484; *Ramsey* v. *Ramsey,* 175 *Ga.* 685 (165 S. E. 624). The motion to dismiss is denied.

■ For the proposition stated in headnote 2 we refer to the Code, § 38-403. It was ruled in *Anderson* v. *Brown,* 72 *Ga.* 713, that in a contest between an administrator and another person, concerning certain lands, tax returns made by the intestate of the administrator, in which he returned the lands as the property of the other party, were admissible in evidence as admissions against his title. In the opinion it was said: "'The admissibility of such admissions of intestate against his own title, when offered in answer to the claims of the administrator, is too plain to need more than a statement."

■ It is earnestly insisted by counsel for the plaintiffs in error that in a case of this character, in which the plaintiff seeks the aid of a court of equity, such court has a discretion to compel the plaintiff, as a condition precedent to granting him extraordinary relief, to consent that the defendant, otherwise incompetent to testify as to transactions with the deceased, be permitted to testify. The judge certified that he ruled as a matter of law that the opposite party was an incompetent witness as to transactions with the deceased, and that he had no discretion to require the plaintiff to submit to a waiver of the statutory provision prohibiting an opposite party from testifying as to transactions or conversations with a deceased party when the personal representative is the opposing party. Counsel in support of his position relies on *Kirkland* v. *Downing,* 106 *Ga.* 530 (32 S. E. 632). It was there ruled: "Specific performance not being a remedy which either party to a contract can demand as a matter of absolute right, it will not in any given case be granted unless strictly equitable and just. Accordingly, specific performance of a contract to convey land upon payment of the purchase-price will not be decreed where it appears that the party seeking the aid of the court entered into a parol agreement with the defendant to the action to become answerable for the debt of another, and to pledge the land as security for the

fulfillment of this further obligation, notwithstanding such agreement be not legally binding or enforceable because coming within the operation of the statute of frauds. On the contrary, the plaintiff will be left to pursue his legal remedies, unless he elects to submit to such terms as the court may properly impose upon him as a condition precedent to the granting of the relief sought." That was a specific-performance case. The instant case is not. There this court affirmed a ruling permitting the defendant to show that, until a certain indebtedness was paid, the plaintiff had no right to compel specific performance. He showed this by oral testimony in an instance embraced within the statute of frauds. Though in the opinion it was said that "In all proceedings where extraordinary equitable relief is sought, the court should open wide the door to pertinent evidence, to the end that the truth concerning the transaction under investigation may fully appear, and that the court may act advisedly and wisely in the premises," yet the decision was based on the proposition that specific performance is a remedy which "is never to be demanded as a matter of absolute right in either party" to a contract; that "equity will not decree specific performance unless strictly equitable;" that "in all cases where it is clearly inequitable to grant it, the court will refuse to do so," that "in exercising its discretionary powers, it will act with more freedom than when exercising its ordinary powers;" and that "the granting or withholding of this peculiar relief is in the discretion of the court." The court further said: " 'The meaning of this proposition is, not that the court may arbitrarily or capriciously perform one contract and refuse to perform another, but that the court has regard to the conduct of the plaintiff and to circumstances outside the contract itself, and that the mere fact of the existence of a valid contract is not conclusive in the plaintiff's favor.' Accordingly, if the defendant 'can show any circumstances dehors, independent of the writing, making it inequitable to interpose for the purpose of a specific performance, a court of equity, having satisfactory information upon that subject, will not interpose.' " Citing Fry on Specific Performance (3d ed.), § 25; Pomeroy on Contracts, § 36 et seq.; Civil Code (1895), § 4040. In a specific-performance case the judge, under the law, could say, "I will not grant it, because the contract is affected by an inequitable feature, and under the circumstances of the transaction it would

be unconscionable to permit you to enforce your contract;" but in our opinion a judge could not refuse to grant an injunction to which a party was entitled under the law, unless that party would agree to waive the incompetency of a witness as to the particular testimony sought to be delivered by him, his incompetency being so declared by a statute of the State. Equity is not antagonistic to the law. It follows the law. Code, § 37-103.

 Was the judge correct in enjoining, at the instance of A. B. Wight as administrator of K. P. Wight, an action at law, a bail-trover suit, pending in the city court of Albany? The plaintiff in the trover suit was L. R. Ferrell; the defendant W. B. Wight. The administrator would not be bound by any judgment rendered in the trover suit. It was held in *Stone* v. *King-Hodgson Co.,* 140 *Ga.* 487, 491 (79 S. E. 122), that the general rule is that an action at law will not be enjoined at the instance of one not a party thereto, particularly where the judgment in the action will not preclude the rights of such person. Both plaintiff and defendant in the trover suit are residents of this State, and residents of the county where the petition for injunction was filed. It is not alleged that either is insolvent, or that the property which is the subject-matter of the suit at law has a special or peculiar value above any market value that can be placed upon it in accordance with strict legal rules. No fact is alleged to show that if Ferrell recovers the property, the administrator has not a complete and adequate remedy at law by suing him for the same or its value. It is declared in the Code, § 55-103, that "Equity will not enjoin the proceedings and process of a court of law, unless there be some intervening equity or other proper defense of which the party, without fault on his part, can not avail himself at law." It is argued in the brief of counsel for the defendants in error that the injunction was properly granted, to avoid a multiplicity of suits; but we have been cited to no case and know of no instance where the doctrine of multiplicity of suits has been applied to a proceeding of this character. We have here no "one common right to be established by or against several," or where "one is asserting the right against many," or "many against one." See Code, § 37-1007. To sustain the grant of an injunction against the pending suit at law on the ground of preventing a multiplicity of suits would be to disregard the provisions of our Code hereinbefore quoted (§ 55-103)

on the subject of enjoining the proceedings of a court of law. There is nothing in conflict with the view here expressed, in *Gullett Gin Co.* v. *Hicks,* 176 *Ga.* 652 (168 S. E. 597) ; *Spinks* v. *LaGrange Banking & Trust Co.,* 160 *Ga.* 705 (129 S. E. 31) ; *Brumby* v. *Board of Lights & Waterworks,* 147 *Ga.* 592 (3) (95 S. E. 7) ; *Smith* v. *Dobbins,* 87 *Ga.* 303 (13 S. E. 496), cited by counsel for defendants in error. The decisions relied on by counsel, wherein it was ruled that it was proper to enjoin a proceeding at law, at the instance of one not a party to said proceeding, all showed an intervening equity which made the grant of injunction necessary. In *Sims* v. *Goodwyn,* 31 *Ga.* 267, a judgment had already been obtained in a trover suit. Insolvency was shown. Judge Lyon for this court said that the common-law remedy was not adequate and complete, because of the insolvency of the parties in the trover suit. In *Manget* v. *National City Bank of Rome,* 168 *Ga.* 876 (149 S. E. 213), there were three separate reasons why it was proper for equity to intervene. In the first place, there were three separate trover suits by three separate plaintiffs filed against Manget. The case on its facts involved one common right to be established against several. Code, § 37-1007. In the second place, all of the plaintiffs in the lawsuits were non-residents of the State, and this of itself constituted a ground for equitable relief. See *Welch* v. *Williford,* 177 *Ga.* 837 (171 S. E. 768), and cit. In the third place, complainants had brought suit, not only to enjoin the trover suits, but to enforce a trust the nature of which is fully shown in the report and discussed in the opinion, and to settle the rights of the various parties growing out of the transaction. In *Sexton* v. *MacDougald Construction Co.,* 176 *Ga.* 468 (168 S. E. 32), the defendant in error had been sued in trover by Sexton. It filed a petition to enjoin the common-law suit, and asked for other relief. In *Travis* v. *Gouch,* 181 *Ga.* 745 (184 S. E. 275), insolvency furnished the intervening equity which made it proper to grant the injunction. None of the cases referred to is authority for enjoining the trover suit in the instant case; and it was error to grant the injunction.

■ Was it error to overrule the demurrers filed by the plaintiffs in error? The petition not only sought injunction, but it alleged that the intestate of the plaintiff owned the certificate of stock; that there were due him dividends declared on said certificate, and

which have not been paid; and that he was entitled to an accounting from defendants. As against the demurrers, we are of the opinion that the above referred to allegations which are set forth in paragraphs 3, 9, 11, and 12 of the petition stated a cause of action, and that the judge did not err in refusing to dismiss it on general demurrer. Such a demurrer should not be sustained if the plaintiff is entitled to any substantial relief prayed for. *Stroup* v. *Imes,* 185 *Ga.* 422 (195 S. E. 411); *Robinson* v. *Georgia Savings Bank & Trust Co.,* 185 *Ga.* 688, 694 (196 S. E. 395). An accounting may be had at law. *Arthur Tufts Co.* v. *DeJarnette Supply Co.,* 158 *Ga.* 85 (123 S. E. 16). Indeed, "the mere necessity of accounting to ascertain the amount due on a contract is wholly insufficient to give equity jurisdiction to order an accounting." *Burress* v. *Montgomery,* 148 *Ga.* 548 (97 S. E. 538). In a proceeding to obtain an accounting, the complainant is not obliged to show how much is due. *Gould* v. *Barrow,* 117 *Ga.* 458 (43 S. E. 702). He must, however, aver facts sufficient to indicate that something will be found to be due him by the defendant. *Bowman* v. *Chapman,* 179 *Ga.* 49 (175 S. E. 24). The complainant does so in the instant case.

The first special ground of demurrer is "to said petition as a whole," and defendants "say that there is a misjoinder of causes of action and a misjoinder of parties defendant." Misjoinder, if it exists, can not be taken advantage of except by special demurrer. *Neil* v. *Dow Law Bank,* 138 *Ga.* 158 (74 S. E. 1027); *Wilkinson* v. *Smith,* 179 *Ga.* 507 (176 S. E. 373); *Butler* v. *McClure,* 177 *Ga.* 552 (170 S. E. 678). As was said in *Dannelly* v. *Cuthbert Oil Co.,* 131 *Ga.* 694 (63 S. E. 257), "If there is a defect in a petition on account of misjoinder of causes of action, such defect is not reached by a demurrer which does not point out the same." To be effective as a special demurrer, we think that it should at least have indicated wherein there was a misjoinder of causes of action and of parties defendant. Merely to demur because "there is a misjoinder of causes of action and of parties defendant" does not meet the requirement.

The second special ground is to paragraph 3 of the petition. It protests that there is not attached to the petition a copy of the certificate No. 1 for fifty shares of stock in Ferrell-Wight Co. Inc., nor is it shown when said stock was issued, or to whom, or by whom,

or what, if anything, appears to be in writing on said certificate; and further, that there are no allegations showing title in the plaintiff. It was not error to omit to set forth a copy of the certificate. It was definitely described. It was not a suit for any relief that made it necessary that the contents of the certificate be set forth. It was not a suit on the certificate. See Code, § 81-105, and notes thereunder; *Simpson* v. *Charters,* 185 *Ga.* 592, 597 (196 S. E. 31). As to the petition not showing title in the plaintiff, it is alleged that he is administrator of the estate of K. P. Wight; that K. P. Wight at the time of his death owned the certificate of stock; that said certificate is the property of the estate of K. P. Wight, and as administrator of his estate petitioner holds title and possession of the same. These are not conclusions of the pleader. There is no merit in this ground of demurrer. The court sustained the ground of the special demurrer addressed to paragraph 13 of the petition, but overruled all other special grounds. In so far as these other grounds (3, 4, 5) attacked the structure of the petition, they were properly overruled. Ground 4, however, in so far as it relates to the action in the city court, should have been sustained. The general demurrer of L. R. Ferrell should have been sustained, and the action dismissed as to him. While, as before indicated, no facts showing any ground of equitable jurisdiction are alleged, and hence no right to injunction is shown, yet the entire case will not be dismissed, but the petition will be retained in order that the plaintiff, if he wishes, may proceed against Ferrell-Wight Co. Inc., for an accounting of dividends alleged to have been declared and due to him as administrator on the certificate of stock.

*Judgment reversed in part and affirmed in part. The other Justices concur, except Russell, C. J., absent, and*

BELL, J., who dissents from the ruling in the fourth division of the decision, and from the reversal.