*Frank S. Cheatham, Jr.,* contra.

### 20232. UPTON *v.* STATE HIGHWAY DEPARTMENT *et al.*

DUCKWORTH, Chief Justice. 1. The plaintiff in error having brought a petition in equity to enjoin a continuing trespass across his property by the State Highway Department, the question is not moot, even though it is admitted the road is completed and no further paving or macadamizing is necessary. *Gainesville Midland R. Co.* v. *Tyner,* 204 *Ga.* 535 (50 S. E. 2d 108).

594

2. However, since it is admitted by all parties that the construction and paving of the road is completed, the issue as to the construction of the road is moot, and the writ of error as to the contractor, C. W. Matthews Contracting Company, is dismissed.

3. The State Highway Department in an in rem proceeding condemned .153 acres of land for road purposes, which property was shown to be across certain land, shown here to be that of the petitioner, described in certain deeds and a subdivision plat, recorded in the clerk's office, Cedartown, Georgia, and as lying and being about midway between Rockmart and Cedartown on the south side of Georgia State Highway No. 6. The land was described as being a 23-foot strip lying on the south side of the highway, bounded on the west by property now or formerly owned by J. T. Weaver, on the east by property now or formerly owned by Ott Chambers, and on the south by other property of the condemnee, J. O. Upton. This description is sufficient to locate the property by the use of extrinsic evidence. *Gainesville Midland R. Co.* v. *Tyner*, 204 *Ga.* 535, supra; *Lankford* v. *Pope*, 206 *Ga.* 430 (57 S. E. 2d 538). The petitioner, J. O. Upton, testified at the interlocutory hearing that his property was bounded by J. T. Weaver on the west and on the east by Ott Chambers, and was 300 feet in length on the south side of State Highway No. 6, was 200 feet in depth or more, and was all the property he owned on Highway 6. Thus by extrinsic evidence he shows that the property condemned was a 23-foot strip along the north side of all of his property adjoining the highway, and the court did not err in dismissing the action and dissolving the restraining order, even though the condemnation proceeding stated it was "for public road purposes upon, across and over" a tract of land containing only two of petitioner's six lots which fronted on the highway fifty feet each. The petition sought to enjoin a continuing trespass on petitioner's land alleged not to be contained in the property condemned by the Highway Department. His own testimony refutes this.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 14, 1958—
DECIDED NOVEMBER 7, 1958—REHEARING
DENIED NOVEMBER 19, 1958.

*Holcomb & Grubbs,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, Ariel V. Conlin, Deputy Assistant Attorney-General, J. Douglas Henderson, Marson Dunaway, Hicks & Henderson,* contra.