## 21555. LANDERS *et al. v.* GEORGIA PUBLIC SERVICE COMMISSION *et al.*

ARGUED FEBRUARY 13, 1962—DECIDED APRIL 10, 1962—
REHEARING DENIED MAY 7, 1962.

806

*Henry M. Henderson, Chas. H. Bruce,* for plaintiffs in error.

*Powell, Goldstein, Frazer & Murphy, Eugene Cook, Attorney-General, Paul Rodgers, Assistant Attorney-General, T. M. Smith, B. D. Murphy, Robert B. McCord, Jr., Troutman, Sams, Schroder & Lockerman,* contra.

QUILLIAN, Justice. ■ The sufficiency of the petition to set forth a cause of action as against each defendant therein named depends upon whether it set forth the right of the plaintiff to a recovery of money or injunctive relief against that defendant. *Farmers &c. Bank of Manchester v. Gibson,* 211 Ga. 270 (85 SE2d 513); *Wallace v. Wallace,* 213 Ga. 96, 98 (97 SE2d 155); *Luke v. Crumley,* 214 Ga. 638, 642 (106 SE2d 776).

■ The petition predicated the plaintiff's right to injunctive relief against the Central of Georgia Railway Company on the premise that the condemnation proceedings by which the company acquired the right of way for its spur track were invalid and that the use of the strip of land condemned constituted a continuing trespass. If the condemnation was not legal, he was entitled to equitable relief, although the petition disclosed that the spur track had been completed. *Upton v. State Highway Department,* 214 Ga. 593 (1) (106 SE2d 21).

■ The first ground upon which the amended petition alleged that the condemnation proceeding was void was because the approval of the Railway Company's proposal to condemn the right of way granted by the Public Service Commission and required by *Code Ann.* § 94-321 was utterly void. The petition as originally drafted attacked the validity of the approval on the ground that the Public Service Commission was without jurisdiction to grant the order and because the approval of the Commission was obtained by fraudulent representations made on behalf of the Railway Company. An amendment to the petition, filed months subsequently to the time when the suit was instituted, alleged these very issues had been submitted for adjudication by the plaintiff in a case brought by him against the Public Service Commission and the Railway Company in the United States District Court for the Northern District of Georgia, and the District Court by solemn judgment determined that the Georgia Public Service Commission was vested with jurisdiction to grant the orders of approval and that they were entirely legal. It not being alleged that the judgment had been set aside, it was a final determination of those questions. Hence the petition did not set up any invalidity of the orders of approval or cause to set them aside.

■ The remaining grounds of attack on the condemnation proceedings contained in the amended petition were: that the appraisers were not sworn before dispatching notice of the hearing to be held by them; that the award of the appraisers was not recorded within ten days after it was made; that no bona fide negotiations were entered into by the Railway Company through a party who had authority to represent the Railway in obtaining the right of way by purchase prior to the institution of the condemnation proceedings; that the right of way was not described with sufficient particularity in the condemnation notice; that the description contained in the notice of condemnation did not comport with the description contained in the Public Service Commission's order of approval, and that the plaintiff owned no lands in the Land Lot 96 of the 14th Land District of Fulton County of the shape and precise location as the described right of way.

The law requires the appraisers, acting under *Chapter* 36-4 of the Code, (the condemnation proceedings were under *Title* 36) to be sworn "to do equal and exact justice between the parties according to law," but there is no statutory provision requiring that the oath be taken before sending out the notice to the condemnee of the time and place when a hearing will be held.

The petition does not allege that the award of the appraisers was not filed within 10 days, but simply that it was not recorded within 10 days as required by *Code* § 36-508. The requirement is directory and contains no provision that delay in recordation of the award renders the same invalid. There could not be any quarrel with the Clerk in this instance because the petition does not deny the condemnee was not promptly notified of the award and tendered the amount of compensation the appraisers found he was entitled to, or that the amount was not full and fair compensation for the right-of-way strip taken through his lands and consequential damages to the remainder of the part from which it was carved.

The petition's allegations that no negotiations for the right of way were initiated before the condemnation proceedings were begun by a party authorized to bind the Railway Company was, in the absence of averments as to who did negotiate for the right of way and the amount offered, a mere conclusion of the pleader without factual foundation. *Miller v. State Highway Department,* 200 Ga. 485 (37 SE2d 365).

The description of the right of way contained in the condemnation notice lacked nothing in particularity, but was explicit and definite. The description in the Public Service Commissioner's order of approval and the notice of condemnation conformed in the most minute details; they were exactly the same. The petition affirmatively revealed that the strip of land condemned for the right of way was a part of the plaintiff's tract of land situated in Land Lot 96 of the 14th District of Fulton County, although it is apparent from the petition that its author, although sincere, was confused by the manner in which he undertook to compare the descriptions.

The averment that under the Railway Company's charter it

could not condemn or take any building or property was not tenable, since such charter provision was abrogated by the acts of 1914, embodied in *Code* §§ 94-321, 94-322, and 94-323, which conferred the power of eminent domain on all railroad companies, and which specifically granted to them all the right to condemn and take private property for public purposes, provided the Public Service Commission first approves such taking. The codified act did not limit the acquisition by railroad companies to unimproved land and did not restrict their power to condemn lands on which houses were situated.

■ From the discussion contained in the foregoing division of the opinion, it is apparent that the Clerk of the Superior Court and the appraisers were not necessary parties to the case and were properly stricken.

■ The plaintiff insists that the petition set forth his right to recover of the Railway Company, Empire Land Company, Perkins and Moore, all denominated in the petition as "affiliated defendants," damages and attorney's fees for malicious abuse of process. The elements of an action of that nature are, as stated in the case of *Ellis v. Millen Hotel Co.*, 192 Ga. 66, 69 (14 SE2d 565), an ulterior motive on the part of the plaintiff to employ the process for a purpose for which it was not designed, coupled with a second essential element: that is, with an act in the use of the process, not proper in the regular prosecution of the proceeding, amounting to its perversion to some unlawful purpose. The only actions or suits instituted by any of the named defendants were, according to the petition, a suit for specific performance filed by Moore and the condemnation proceedings brought by the Railway Company. It is alleged that the "affiliated defendants" conspired to bring those actions, and their real purpose was not to obtain the legal results for which each of these processes of the law was designed, but the petition fell short of making out a cause of malicious abuse of process because it did not show, except by way of conclusions unsupported by factual allegations, that after being instituted either action was not properly and legally prosecuted. The rule is sufficiently stated in *Ellis v. Millen Hotel Co.*, 192 Ga. 66, 69, supra: "the distinctive nature of an action for malicious abuse of process,

as compared with an action for malicious prosecution, is that it lies for the improper use of process after it has been issued, not for maliciously causing it to issue."

■ The petition as amended having set forth no right of action of the plaintiff against the Public Service Commission, the Central of Georgia Railway, and its associates, the various exceptions to the denial by the trial court of injunctive relief and the refusal to set aside orders of the Commission and the award of the appraisers are obviously without merit.

■ The petition undertook to set out a cause for injunction against the City of Hapeville. The City demurred on the grounds that the petition constituted a misjoinder of parties and causes of action. The judge sustained the demurrers. The plaintiff excepted and specially assigned the judge's ruling as error because the demurrers were not sufficiently specific to serve as special demurrers.

The trial judge erred in sustaining the demurrers to the petition insofar as the rights of the plaintiff were concerned. The holding of a familiar rule of pleading is expressed in *Ferrell v. Wight,* 187 Ga. 360, 367 (200 SE 271): "If there is a defect in a petition on account of misjoinder of causes of action, such defect is not reached by a demurrer which does not point out the same. To be effective as a special demurrer, we think that it should at least have indicated wherein there was a misjoinder of causes of action and of parties defendant. Merely to demur because 'there is a misjoinder of causes of action and of parties defendant' does not meet the requirement."

However, as we view the case, the ruling was harmless error because neither the amendment nor the petition as amended set out any cause against the City of Hapeville and its Chief of Police.

The amendment only sought injunctive relief for two purposes: first, to restrain the City from destroying a tenant house situated on the right of way previously condemned by the Railway Company; secondly, to prevent the City and Chief of Police, Pearson, from prosecuting the plaintiff under an invalid ordinance. We have held in the preceding divisions of this opinion the condemnation proceeding was valid. They were concluded, accord-

ing to the averments of the petition, before the amendment making the City of Hapeville and its Chief of Police parties to the case was filed. The condemnation of the right of way divested the plaintiff of his title both to the right of way and the tenant house upon the same. So, at the time he filed the amendment, the plaintiff had no interest in the house to protect.

The general rule pronounced in *Pope v. Mayor of Savannah*, 74 Ga. 365, and codified in *Code* § 55-102 is: "Equity will take no part in the administration of the criminal law. It will neither aid criminal courts in the exercise of their jurisdiction, nor will it restrain or obstruct them." Where there have been no repeated arrests or similar circumstances justifying the intervention of equity, and no property right is involved, an injunction will not be granted to prevent a prosecution under a city ordinance alleged to be invalid. *New Mission Baptist Church v. City of Atlanta*, 200 Ga. 518, 519 (3) (37 SE2d 377); *Staub v. Mayor &c. of Baxley*, 211 Ga. 1, 2 (2) (83 SE2d 606); *Baker v. City of Atlanta*, 211 Ga. 34, 35 (1, 2) (83 SE2d 682).

■ The only assignment of error by the cross-defendant, Lula P. Ammons, reads that she: "hereby assigns as error all of the rulings, orders, decisions, judgments and decrees, and portions thereof, set forth in this bill of exceptions, insofar as the same or the effect thereof are adverse to her and her rights and interests and the prosecutions thereof, upon the ground that the same were and are contrary to law and the principles of equity obtaining in this State."

The assignment of error is obviously too general to present any question for review by this court. *Kelly v. Strouse*, 116 Ga. 872, 874 (9) (43 SE 280); *Pepper v. Pepper*, 169 Ga. 832, 833 (10) (152 SE 103); *Schumpert v. Carter*, 175 Ga. 860 (2-4) (166 SE 436).

*Judgment affirmed. All the Justices concur.*