## 49530. AMERICAN TIRE COMPANY v. CREAMER.

BELL, Chief Judge.

Plaintiff brought suit in the State Court of Clayton County on an open account. Defendant answered and counterclaimed for personal injury. The trial court thereupon issued an order transferring the whole case to the Superior Court of Clayton County. Plaintiff appeals this order. *Held:*

The Act which created the State Court of Clayton County (formerly named the Civil and Criminal Court of Clayton County, see Code Ann. § 24-2102a), excluded jurisdiction in personal injury cases from this court and specifically provided as follows: "When a counter-complaint or cross-action is filed, the Civil and Criminal Court of Clayton County shall retain jurisdiction regardless of the amount sued for provided no personal injury is involved. If a cross-action is filed, involving a personal injury, the cross-action and the main suit shall be automatically transferred to the superior Court of Clayton County and an order shall be entered by the Clerk of the Civil and Criminal Court of Clayton County to that effect." Ga. L. 1964, pp. 2032, 2033. The contention is made that there is a conflict between the Civil Practice Act and the Act creating this court in that the former provides in CPA § 12 (h)(3): "Whenever it appears by suggestion of the parties or otherwise that the

court lacks jurisdiction of the subject-matter, the court shall dismiss the action." Code Ann. § 81A-112 (h) (3). There is no conflict between the two statutes. The transfer in this case was specifically authorized by statute. The Supreme Court has stated that a transfer of a case to a court having jurisdiction over the subject-matter is equivalent to dismissing it finally from the court having no jurisdiction. *Dawson v. Garland*, 83 Ga. 304 (9 SE 838). Further the plaintiff is asking this court to hold that the trial court erred in that it should have only dismissed the counterclaim, which would then leave the subject-matter of the plaintiff's suit within the jurisdiction of the State Court of Clayton County. This is not permissible for to do so would be to violate the policy of the law to effect a speedy, just, and inexpensive determination of every action. See CPA § 1 (Code Ann. § 81A-101). Dismissal of the counterclaim would require multiple litigation and additional expense to the parties.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED JULY 1, 1974 — DECIDED OCTOBER 1, 1974.

*Levy, Buffington & Adams, D. Merrill Adams,* for appellant.