## 56737. MORRIS v. LESTER LABORATORIES, INC.

WEBB, Judge.

Lester filed a complaint seeking to enjoin Morris from divulging trade practices and secrets in contravention of an employment contract. Morris answered and filed a counterclaim alleging malicious abuse of process on the part of Lester in wrongfully bringing and continuing the suit when it knew or should have known that the alleged employment agreement was void and unenforceable. Lester's motion to dismiss the counterclaim on the ground that it was premature

because the main action had not terminated in Morris' favor was granted and certified for immediate review. We granted the application and reverse on appeal.

It is firmly established that the prerequisite of a successful termination does not exist in an action for malicious *abuse* of civil prosecution as it does in one for malicious *use* of prosecution. E.g., *Cooper v. Public Fin. Corp.,* 146 Ga. App. 250 (246 SE2d 684) (1978); *Goodwin Agency v. Chesser,* 131 Ga. App. 686 (2) (206 SE2d 568) (1974); *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864 (1) (198 SE2d 420) (1973) and cits.

"Malicious *abuse* of civil process, as contradistinguished from malicious *use* of civil process, lies when the plaintiff in a civil proceeding wilfully misapplies process of the court in order to obtain an objective such process was not intended by law to achieve. *Braswell v. Mason Kominers Tire Co.,* 56 Ga. App. 593 (193 SE 357); *Dugas v. Darden,* 65 Ga. App. 394, 396 (15 SE2d 901). The principal distinction between an action for malicious abuse of process and malicious use of process is that the former lies for wrongfully and unlawfully using legally and properly issued process for a purpose the law never intended it to effect, while the latter action lies for maliciously suing out civil process without probable cause. *Williams v. Adelman,* 41 Ga. App. 424, 427, supra; *Braswell v. Mason Kominers Tire Co.,* 56 Ga. App. 593, supra.

"In malicious abuse of process actions there must be an ulterior motive on the part of the plaintiff to employ the process for a purpose for which it was not designed, *coupled with an improper act* in the use of such process *after it has issued* which amounts to its perversion to some unlawful purpose. *Landers v. Ga. Public Service Comm.,* 217 Ga. 804, 811-812 (125 SE2d 495); *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864, 868 (198 SE2d 420). Thus, the critical element of abuse of civil process is that the action lies for 'improper use of process after it has been issued, not for maliciously causing it to issue.' *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 69 (14 SE2d 565); *Landers v. Ga. Public Service Comm.,* 217 Ga. 804, 812, supra." *Cooper v. Public Fin. Corp.,* 146 Ga. App. 250, 254, supra.

Thus it is readily apparent that an action for

malicious abuse of process can be the subject of a counterclaim, while a claim of malicious use of process could not, the critical distinction between the two theories being that the former does not require a favorable termination as a condition precedent while the latter does. Accordingly, a counterclaim for malicious abuse of civil process presents a valid cause of action subject only to the presentation of sufficient evidence to sustain the defendant's burden of proof. *West Ga. Pulpwood &c. Co. v. Stephens,* 128 Ga. App. 864, 868 (1), supra; *Newton Bros., Inc. v. Shank,* 240 Ga. 471 (241 SE2d 231) (1978), reversing in part on other issues 143 Ga. App. 21 (237 SE2d 412) (1977). Since the allegations of the instant counterclaim were sufficient to meet the requirements of notice pleading, and it is not premature, the questions raised therein should be left for the trier of fact to consider and resolve if Morris can meet his burden of proof. It follows that the counterclaim was improperly dismissed.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 17, 1978 — DECIDED OCTOBER 30, 1978.

*Goodman, Whitmer & Buckland, James E. Goodman, F. Clay Bush,* for appellant.

*Fine & Block, Joseph J. Fine, Alford Wall, Luman C. Earle,* for appellee.