## 58570. MEDOC CORPORATION v. KEEL.

CARLEY, Judge.

Keel, plaintiff below, filed suit against the defendant, Medoc Corporation. Plaintiff's action sought damages in two counts — false imprisonment and malicious prosecution. It was alleged that, while a customer at the defendant's disco, plaintiff was "grabbed and manhandled" by the defendant's "bouncer" and accused of stealing a glass jigger. Though he protested his innocence and attempted to leave the premises, plaintiff alleged he was restrained by the defendant's employees and agents, told he was under arrest and being held for the police. It was further alleged that his arrest was "maliciously carried out" by a warrant issued pursuant to the affidavit of the defendant's assistant manager, charging plaintiff with theft by taking. After hearing the evidence, the recorder's court dismissed the criminal charges against plaintiff.

Medoc Corporation answered the suit and count-

erclaimed against plaintiff. The allegations of the counterclaim were that plaintiff had "filed this civil action for the purpose of harassing Defendant, of causing Defendant to needlessly have to incur substantial expenses to defend itself, and is causing Defendant extreme expense and annoyance." The counterclaim further alleged that the bringing and continuing of the suit against the defendant was "wrongful" and the basis for a recovery of damages against the plaintiff for malicious abuse of process.

Plaintiff moved to dismiss the counterclaim and the motion was granted. The defendant petitioned for an interlocutory appeal from the order dismissing its counterclaim for malicious abuse of process. This application was granted in order that we might review our holding in *Morris v. Lester Labs.*, 147 Ga. App. 833 (250 SE2d 569) (1978).

1. The issue presented for resolution is whether a defendant may counterclaim against a plaintiff for malicious abuse of process for having filed and prosecuted the very action in which the defendant asserts such counterclaim. In *Morris v. Lester Labs.*, 147 Ga. App. 833, supra, it was held that a defendant's counterclaim alleging malicious abuse of process on the part of the plaintiff in "wrongfully bringing and continuing the suit" presented "a valid cause of action." "[I]t is readily apparent that an action for malicious abuse of process can be the subject of a counterclaim, while a claim of malicious use of process could not, the critical distinction between the two theories being that the former does not require a favorable termination [of a civil proceeding in behalf of the claimant] as a condition precedent while the latter does. Accordingly, a counterclaim for malicious abuse of civil process presents a valid cause of action subject only to the presentation of sufficient evidence to sustain the [defendant-counterclaimant's] burden of proof. [Cits.] Since the allegations of the instant counterclaim were sufficient to meet the requirements of notice pleading, and it is not premature, the questions raised therein should be left for the trier of fact to consider and resolve if [the defendant-counterclaimant] can meet his burden of proof." *Morris*, 147 Ga. App. at 834, supra.

Upon further consideration of this issue, it is our opinion that the attention of the court in *Morris* was so focused upon one element of distinction between an action for malicious use of process and an action for malicious abuse of process — the requirement, as a condition precedent, of the termination of the civil proceeding — that it failed to give complete consideration to *all* the critical elements necessary in an action for the latter and, thereby, reached the improper result. We, therefore, decline to follow *Morris* and expressly overrule it.

"Malicious *abuse* of civil process . . . lies when the plaintiff in a civil proceeding wilfully misapplies process of the court in order to obtain an objective such process was not intended by law to achieve. [Cits.] . . . In malicious abuse of process actions there must be an ulterior motive on the part of the plaintiff to employ the process for a purpose for which it was not designed, *coupled with an improper act* in the use of such process *after it has issued* which amounts to its perversion to some unlawful purpose. [Cits.] Thus, the critical element of *abuse* of civil process is that the action lies for 'improper use of process after it has been issued, not for maliciously causing it to issue.' [Cits.]" *Cooper v. Public Finance Corp.,* 146 Ga. App. 250, 254 (246 SE2d 684) (1978).

In its counterclaim in the instant case, Medoc Corporation alleged that plaintiff maliciously abused civil process by "wrongfully bringing" suit against it. Insofar as this allegation is an attack upon the *mere issuance* of the summons and complaint, by which Medoc was legally and properly made a party defendant to the action, it has no bearing or relevancy to, and cannot serve as a predicate for, a counterclaim for *abuse* of civil process. "Regular and legitimate use of process, though with a bad intention, is not a malicious abuse of process." *Davison-Paxon Co. v. Walker,* 174 Ga. 532, 537 (163 SE 212) (1932). See also *Atlanta Finance Co. v. Dean,* 35 Ga. App. 421 (133 SE 304) (1926). An action for *abuse* of civil process must be based upon the wrongful and unlawful use of legally and properly issued process *after it has issued. Landers v. Ga. Public Service Comm.,* 217 Ga. 804, 811 (125 SE2d 495) (1962). It was the failure to give consideration to this requirement — that a claim for malicious abuse of process

must be predicated upon an *improper act* in the use of process *after* its issuance — that resulted in the misstatement in *Morris* that a counterclaim, alleging the plaintiff's "wrongful bringing and continuing" the pending suit, stated such a valid claim. The only "use" of process after its issuance alleged in the counterclaims in *Morris* and in the instant case is that the plaintiff "continued" to pursue the main action against the defendant-counterclaimant. That the plaintiff has merely "continued" to prosecute the suit is not a wrongful and unlawful use of the summons and complaint such that a counterclaim for malicious abuse of process will lie therefor. Obviously, if the complaint and summons were *intended* to make the defendant a party to the action, the plaintiff's actions in "continuing" to give the process that force and effect, by not dismissing the complaint after it has issued, is not an "improper act." Cf. *Whitehead v. Sou. Discount Co.,* 109 Ga. App. 126 (135 SE2d 496) (1964).

If "bringing and continuing" a lawsuit stated a claim for malicious abuse of process, the defendant in every pending case could turn it into a damage suit against the plaintiff for having merely brought the action in the first instance. If a defendant wished to seek relief against a plaintiff on the basis of what amounted to an inchoate malicious *use* of process cause of action, he could utilize the otherwise unavailable procedural vehicle of counterclaim simply by denominating his claim as one for malicious *abuse* of process. Every person with a grievance would have to weigh the possibility that he might become a "defendant" to a counterclaim for malicious abuse of process simply because he chooses to litigate his own claim in court; the filing of every complaint would be grounds for a potential malicious abuse of process counterclaim. "The constitutional right to appeal to the courts [cit.] authorizes a fair and legitimate testing of one's bona fide claim of right. A litigant is not subject to be penalized by the award of damages whenever he loses his case. Otherwise every man would enter the doors of the court-house, no matter how honestly or with what probable cause, with the danger of damages hanging over him ... There is no law by which every case brought by a plaintiff can be turned into a damage suit by the defendant

against the plaintiff for bringing it, while it is still pending." *Fender v. Ramsey,* 131 Ga. 440, 442-443 (62 SE 527) (1908). The decision in *Morris* insofar as it would permit a defendant to counterclaim for malicious abuse of process based upon the institution and prosecution of the pending action against him, would have such a deleterious effect upon litigation. That decision is in conflict with prior law and it will not be followed. "[T]he defendant could not by way of cross-action sue the plaintiff for damages for having filed and prosecuted the very action in which the defendant asserts such counterclaim." *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 70 (14 SE2d 565) (1941). See also *Ga. Veneer & Pkg. Co. v. Fla. Nat. Bank,* 198 Ga. 591, 609 (2) (32 SE2d 465) (1944); *Mathis v. Lathrop's Hatchery,* 211 Ga. 320, 321 (1) (85 SE2d 764) (1955); *Alexander v. C. & S. Nat. Bank,* 212 Ga. 295, 296 (4) (92 SE2d 16) (1956); *Overstreet v. Schulman,* 77 Ga. App. 320, 322 (1) (48 SE2d 474) (1948).

Notice pleading under our Civil Practice Act, adopted in 1966, has in no way diminished the rule of law enunciated in the cases cited supra, with which *Morris* is in conflict. Notice pleading does not allow a claimant who pleads facts which would not support his claim for the relief sought to survive a motion to dismiss. Notice pleading does not vitiate the rule of law that a counterclaim for malicious abuse of process based upon the mere filing and maintaining of the main action by the plaintiff does not state a claim for damages which can be recovered in the trial of the same action. *Terry v. Wonder Seal Co.,* 120 Ga. App. 423 (2) (170 SE2d 745) (1969); *Metro Chrysler-Plymouth, Inc. v. Pearce,* 121 Ga. App. 835 (175 SE2d 910) (1970).

2. The rule we have readopted in overruling *Morris* — that a counterclaim for malicious abuse of process based upon the mere institution and prosecution of the pending action by the plaintiff does not state a claim for relief — does not leave defendants who may be harassed by "wrongful" lawsuits without recourse. If *after* suit is filed but before an answer made, the plaintiff uses the institution of the action "to accomplish some unlawful end, or to compel the defendant to do some collateral thing which he could not legally be compelled to do," *Whitehead*

*v. Sou. Discount Co.,* 109 Ga. App. at 127, supra, the defendant would, at the time of filing his answer, have a valid claim for malicious abuse of process which he could assert by way of counterclaim. If plaintiff thus "abuses" process after the answer is made, the defendant would be free to amend his answer to include a counterclaim for malicious abuse of process. Or, if the defendant prevails in an action brought against him in which the plaintiff does not "abuse" process *after* it has issued, he may seek damages against his former adversary for malicious *use* of process. *Davison-Paxon Co. v. Walker,* 174 Ga. 532, 534, supra; *Williams v. Adelman,* 41 Ga. App. 424, 427 (153 SE 224) (1930). The distinction between malicious use and malicious abuse of process is thereby preserved and actions for the latter are limited to only those circumstances for which a recovery would be allowable — where there has been an "improper use of process after it has been issued." *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 69, supra.

For the reasons stated above, *Morris v. Lester Labs., Inc,* 147 Ga. App. 833, supra, is overruled. The order in the instant case, dismissing the counterclaim against the plaintiff for malicious abuse of process in instituting and prosecuting the main action, is affirmed.

*Judgment affirmed. Deen, C. J., Quillian, P. J., Smith, Shulman, Banke, Birdsong and Underwood, JJ., concur. McMurray, P. J., concurs in the judgment only.*

ARGUED SEPTEMBER 6, 1979 — DECIDED DECEMBER 4, 1979.

*A. J. Block, Jr., Gary M. Goldsmith,* for appellant. *William E. Zachary, Sr.,* for appellee.