## 59354. FURSE v. O'KON et al.

SHULMAN, Judge.

Asserting negligent construction and breach of contract and warranty, plaintiffs sought damages from defendant for numerous defects in the construction of the residence they purchased from defendant, along with damages based upon defendant's allegedly improper construction of an adjacent lot (which construction caused excess water runoff onto plaintiffs' property).

From a judgment in favor of plaintiffs in the amount of $2,500, defendant brings this appeal. We affirm.

1. Defendant contends that the verdict is contrary to law and entirely without evidentiary support because the plaintiff provided no legally admissible evidence to provide the jury with facts or figures to ascertain the measure of damages. We disagree.

Defendant's own testimony, in conjunction with the testimony of his expert witness and other evidence presented at trial on the issue of damages, provided ample support for the jury's award.

A qualified expert witness, T. Harvey Wilkinson, "listed what he considered to be defects in construction of the house and the amount it would take to correct the deficiencies and bring the condition of the house up to the agreed-upon contract price." *Clark v. Peck,* 134 Ga. App. 868, 869 (216 SE2d 687). Wilkinson's testimony authorized the jury's award of $2,500 in special damages, and was corroborated in part by other witnesses, including the defendant's witness, who estimated a repair cost of $1,040.50, listing only some of the alleged defects.

"[W]here the witness stated his qualifications, his opportunity to form an opinion, the facts upon which his opinion was based, and included his reasons therefor" (Id., p. 869), the court properly allowed the testimony into evidence.

Since the jury's award falls well within the range of the competent evidence of damages presented at trial, the judgment of the trial court, entered in accordance with the jury award of damages, was proper.

2. Contrary to defendant's assertions, the fact that Wilkinson's testimony may have been contradictory or

inconsistent does not render it inadmissible, but merely goes to its weight or credibility. See *Reaves v. Columbus Elec. &c. Co.*, 32 Ga. App. 140, Hn. 3 (122 SE 824).

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED FEBRUARY 13, 1980 — DECIDED MARCH 4, 1980.

*Joel Y. Moss*, for appellant.
*Edwin F. Hunt*, for appellees.