## 62646. WALSH v. HIBERNIA NATIONAL BANK.

BANKE, Judge.

This is a suit by a bank to collect on a "Continuing Guaranty" agreement executed by the appellant, unconditionally guaranteeing payment of the indebtedness of a company called Pound Sterling, N. O., Ltd., up to the amount of $7,500. The appeal is from a grant of summary judgment to the bank.

The appellant does not dispute his execution of the agreement, which creates on its face an unconditional suretyship. See, e.g., *White v. Chapman,* 149 Ga. App. 409, 410 (254 SE2d 434) (1979). However, he contends that he was induced to sign the document by the borrower's promise to issue him 5 percent of its stock and that the borrower subsequently delivered the agreement to the bank without fulfilling this condition. This allegation is supported by evidence and is not disputed by the bank. However, all of the evidence of record indicates that the bank had no knowledge of the promise when it accepted the document from the borrower and acted upon it. *Held:*

1. The "Continuing Guaranty" agreement is between the bank and the appellant. If the appellant was induced to sign it by a fraudulent promise on the part of the borrower not to deliver it to the bank until the stock had been issued, this would not affect the bank's rights unless the bank knew or should have known of the existence of such a condition. Accord, *Thompson v. Bank of Chatsworth,* 30 Ga. App. 443 (6) (118 SE 470) (1923). As indicated previously, the evidence of record indicates without conflict that the bank had no notice or knowledge of the condition at the time it accepted the document and acted upon it.

2. The trial court did not err in dismissing the appellant's counterclaim, which sought, in effect, damages for malicious use of process. A defendant may not by counterclaim sue the plaintiff for damages for having filed and prosecuted the very action in which the defendant asserts the counterclaim. *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 70 (14 SE2d 565) (1941); *Medoc v. Keel,* 152 Ga. App. 684, 688 (263 SE2d 543) (1979); *Ferguson v. Atlantic Land &c. Corp.,* 158 Ga. App. 33, 36 (1) (279 SE2d 470) (1981).

3. The record discloses no error in the trial court's denial of the

appellant's motion to continue the hearing on the motion for summary judgment due to the bank's alleged failure to respond to a request for production of documents. The alleged request for production does not appear in the record, nor is there otherwise any indication of what the appellant requested or why he requested it. Consequently, the enumeration of error cannot be reviewed. See generally *McClure v. D.O.T.,* 140 Ga. App. 564 (2) (231 SE2d 532) (1976).

4. The remaining enumerations of error have been carefully considered and have been determined to be without merit.

*Judgment affirmed. Deen, P. J., concurs. Carley, J., concurs specially.*

DECIDED NOVEMBER 13, 1981 —
REHEARING DENIED DECEMBER 8, 1981.

James E. Walsh, *pro se.*
*Gary D. Stokes,* for appellee.

CARLEY, Judge, concurring specially.
I agree wholeheartedly with the result reached by the majority and I concur fully in Divisions 1, 3 and 4 of the opinion. I also agree with the statement in Division 2 of the opinion that "the trial court did not err in dismissing appellant's counterclaim which sought, in effect, damages from malicious *use* of process." (Emphasis supplied.) However I think the following statement in the majority opinion is overbroad: "a defendant may not by counterclaim sue the plaintiff for damages for having filed and prosecuted the very action in which the defendant asserts the counterclaim . . ." The correct rule is that a claim for malicious abuse of process may be asserted by counterclaim while a counterclaim may never be used to state a claim for malicious use of process based upon the filing of the very action in which the counterclaim is asserted. For a good discussion as to the pleading and proof necessary to successfully maintain a counterclaim for malicious abuse of process see *Medoc Corp. v. Keel,* 152 Ga. App. 684 (263 SE2d 543) (1979).