64232. WILLIAMS et al. v. LEWIS.

CARLEY, Judge.

Appellants brought suit against appellee in the State Court of Clayton County seeking damages for breach of a rental contract. Appellee answered and filed a counterclaim alleging that appellants had maliciously abused civil process by attempting in the main action to obtain the return of monies which were liquidated damages under the terms of the rental agreement. Appellants moved to dismiss the malicious abuse of process counterclaim on the ground that it failed to state a claim. Instead of ruling on appellants' motion to dismiss the counterclaim, the trial court entered an order transferring the case to the Superior Court of Clayton County pursuant to Ga. L. 1964, pp. 2032, 2033, which provides in pertinent part: "When a counter-complaint or cross-action is filed, the [State Court] of Clayton County shall retain jurisdiction regardless of the amount sued for provided no personal injury is involved. If a cross-action is filed, involving a personal injury, the cross-action and the main suit

shall be automatically transferred to the Superior Court of Clayton County...." See *American Tire Co. v. Creamer,* 132 Ga. App. 781 (209 SE2d 240) (1974).

Appellants appeal from this order contending that the trial court should have granted their motion to dismiss appellee's counterclaim and that it was therefore error to transfer the case to the Superior Court.

It is true that we held in *Medoc Corp. v. Keel,* 152 Ga. App. 684, 688 (1) (263 SE2d 543) (1979) "that a counterclaim for malicious abuse of process based upon the mere filing and maintaining of the main action by the plaintiff does not state a claim for damages which can be recovered in the trial of the same action. [Cits.]" See also *Walsh v. Hibernia Nat. Bank,* 160 Ga. App. 679, 680 (288 SE2d 29) (1981) (Carley, J., concurring specially). However, an action for malicious abuse of legal process is an action for damages for injury to the person of the party complainant. *Davison-Paxon Co. v. Norton,* 69 Ga. App. 77, 80 (3) (24 SE2d 723) (1943). Thus, "[t]he transfer in this case was specifically authorized by statute. The Supreme Court has stated that a transfer of a case to a court having jurisdiction over the subject-matter is equivalent to dismissing it finally from the court having no jurisdiction. [Cit.] Further the [appellants are] asking this court to hold that the trial court erred in that it should have only dismissed the counterclaim, which would then leave the subject-matter of the [appellants'] suit within the jurisdiction of the State Court of Clayton County. This is not permissible for to do so would be to violate the policy of the law to effect a speedy, just and inexpensive determination of every action. See CPA § 1 (Code Ann. § 81A-101). Dismissal of the counterclaim would require multiple litigation and additional expense to the parties." *American Tire Co. v. Creamer,* 132 Ga. App., at p. 782, supra. The trial court correctly determined that it was without jurisdiction to adjudicate the motion to dismiss and properly transferred the case to the Superior Court.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 4, 1982.

*Martin L. Cowen III,* for appellants.
*Joseph R. Baker,* for appellee.