## 65152. CAPITOL CITY ROOFING, INC. et al. v. WENTZ.

McMurray, Presiding Judge.

This is an action for damages by George W. Wentz against Capitol City Roofing, Inc. and George Caldwell, individually, and doing business as Capitol City Roofing Co. Plaintiff alleges therein, in his amended complaint, that the defendants negligently and improperly installed certain roofing whose quality and durability was not as represented by the defendants who failed and refused to make the necessary repairs to the roof, seeking actual and punitive damages plus attorney fees and expenses of litigation, and alleging that the defendants had acted in bad faith, had been stubbornly litigious and had caused plaintiff unnecessary trouble and expense. The amended complaint was added after the original suit against Capitol City Roofing, Inc. was filed and an additional party was added by order of the court, that is, as to George Caldwell.

The defendants answered, in substance, denying the claim; but by counterclaim, allowed and filed by the defendant Capital City Roofing, Inc., it was contended the plaintiff in his complaint and amendments had wrongfully, unlawfully and maliciously instituted and continues the prosecution of his alleged claims against it knowing that the corporate defendant did not come into legal existence until February 1978, whereas the contract and performance allegedly occurred in the year 1977 and there was an abuse of process by reason of the malicious actions of the plaintiff. General and punitive damages and expenses of litigation and attorney fees were therein sought.

The case proceeded to trial. After presentation of all evidence the trial court dismissed the claim of the plaintiff for punitive damages and the counterclaim of the corporate defendant. The case was submitted to the jury for the return of special verdicts.

The jury returned a verdict for the plaintiff for $14,179 in damages, and $3,664 attorney fees and expenses of litigation, finding both of the defendants to be liable. The defendants appeal, enumerating 14 grounds of error, seven of which consist of general

grounds as to the sufficiency of the evidence to support the verdict as well as the denial of a motion for directed verdict for the defendants. Error is also enumerated to the dismissal of the corporate defendant's counterclaim, the allowance of the plaintiff's counsel to state in his place regarding attorney fees, the judgment and verdict for attorney fees was contrary to law; and the court also erred in admitting in evidence certain ledger books, in allowing the question of punitive damages to go in over the objection of defendants' counsel and in the finding of certain special damages. *Held:*

1. At the very outset we call attention to the fact that defendants have failed to observe the provisions of Rule 15 of this court adopted February 23, 1981, effective September 1, 1981, with reference to structure and content in that we are unable with "ease and convenience to correlate the errors enumerated to the arguments and citations of authority." Further, in many instances defendants fail to cite authority in support of the enumerations of error. In addition, defendants have filed supplemental and reply briefs, all of which has created considerable difficulty in considering the sequence of argument or arguments with reference to the various enumerations of error. We, therefore, proceed to the consideration of same as best we can under the circumstances.

2. The trial court did not err in striking the counterclaim seeking damages for the malicious abuse of process in the filing and maintaining of the main action since such claim for damages cannot be recovered by counterclaim in the same action. Nor could a claim for punitive damages be allowed. See in this connection *Medoc Corp. v. Keel,* 152 Ga. App. 684, 686-689 (263 SE2d 543), overruling *Morris v. Lester Laboratories,* 147 Ga. App. 833 (250 SE2d 569), for in this state a litigant is not subject to being penalized in seeking to litigate his own claim in court. See also such cases as *Fender v. Ramsey & Phillips,* 131 Ga. 440, 442-443 (62 SE 527); *Ellis v. Millen Hotel Co.,* 192 Ga. 66, 70 (14 SE2d 565); *Terry v. Wonder Seal Co.,* 120 Ga. App. 423 (2) (170 SE2d 745); *Metro Chrysler-Plymouth v. Pearce,* 121 Ga. App. 835 (2) (175 SE2d 910); *C. & S. Bank v. Bougas,* 245 Ga. 412 (265 SE2d 562), revg. in part s.c. 149 Ga. App. 722 (256 SE2d 37).

3. No question of punitive damages with reference to the main case was submitted to the jury, hence no verdict was rendered as to this issue. Further, the jury did not find a verdict for special damages but returned a special verdict for damages against the defendants jointly and severally. There is no merit in defendants' complaint that it was error to admit evidence as to special damages and for the jury to so find. Such was not the finding by the jury or the award in the judgment of general damages. The question of punitive damages was stricken, and we find no merit in the complaint that it was error on the

part of the court to allow the question of punitive damages to "go in over the objection of trial counsel."

4. With reference to the alleged error in admitting evidence as to certain ledger books we find no merit inasmuch as defendants' counsel was in this instance examining the witness with reference to same, and the trial court overruled objection of opposing counsel and allowed counsel for defendants to continue. Also, defendants having made no objection to the introduction of evidence, it cannot be made for the first time in this court. See *Meeks v. Meeks,* 209 Ga. 588 (1) (74 SE2d 861); *Holder v. J. F. Kearley, Inc.,* 153 Ga. App. 843, 845 (1) (267 SE2d 266).

5. There is no merit in the defendants' complaint that counsel for plaintiff was allowed to state in his place as to the issue of attorney fees. Counsel for plaintiff moved to reopen the evidence to allow him to testify as to attorney fees. Whereupon, counsel for defendants agreed to let him state in his place the amount of attorney fees. Plaintiff's counsel then proceeded to state in his place the number of hours spent and the billable rate per hour and the amount of out of pocket expenses, all of which amounted to the sum of $3,364.14, and no objection was made. The court specifically asked the defendants' counsel if he desired to make any inquiry of opposing counsel to which he replied, "No, sir." An exhibit with reference to the account was also allowed in evidence without objection. Based upon *Meeks v. Meeks,* 209 Ga. 588 (1), supra, and *Holder v. J. F. Kearley, Inc.,* 153 Ga. App. 843, 845 (1), supra, there is no merit in this complaint.

6. The general grounds with reference to the sufficiency of the evidence as to the judgment for damages and the award of attorney fees are not meritorious, and the trial court did not err in denying defendants' motion for directed verdict for the defendants. The evidence presented with reference to the damages and measure of damages sustained by the plaintiff was for jury determination, such evidence showing damage to machinery, the cost of replacing the roof and attorney fees and expenses of litigation. See *Holder v. J. F. Kearley, Inc.,* 153 Ga. App. 843, 845 (2), supra; *Furse v. O'Kon,* 153 Ga. App. 703 (1) (266 SE2d 343).

Having endeavored to consider each and every enumeration of error as contained herein we have found no reversible error.

*Judgment affirmed. Birdsong, J., concurs. Banke, J., concurs in the judgment only.*

DECIDED FEBRUARY 1, 1983 —
REHEARING DENIED MARCH 9, 1983 — ▮▮▮▮▮▮▮▮▮

*Preston L. Holland,* for appellants.

*James B. Walton, John L. Blandford,* for appellee.