68610, 68611. BUSEY et al. v. PERKINS.
(322 SE2d 518)

QUILLIAN, Presiding Judge.

These are appeals from the denial of summary judgment (68610) to defendant-appellants Busey, City Hospital Authority d/b/a/ South Fulton Hospital and Nunez, and the grant of partial summary judgment (68611) to plaintiff-appellee Perkins on appellants' counterclaims in an action for medical malpractice. *Held:*

1. Where the record clearly shows that plaintiff's motion to dismiss was filed prior to the verdict in the trial of the previous action, the verdict and judgment thereon are void. Accordingly, the trial court did not err in denying appellants' motion for summary judgment made on the grounds of res judicata.

2. Appellants assert that the trial court erred in granting summary judgment to appellee on their counterclaims for malicious use and abuse of process.

"To recover for malicious use of process, the following requisite elements must be shown: (1) prosecution of a civil action with malice; (2) such prosecution was without probable cause; (3) a termination of the proceedings in favor of the defendant; and (4) the prosecution of the process caused: (a) arrest of the person; (b) seizure of his property; or (c) other special damage." *Pair v. Southern Bell Tel. &c. Co.,* 149 Ga. App. 149 (253 SE2d 828).

As we have found, supra, that the prior judgment was void, the requisite element of termination of the proceedings in favor of appellants does not exist and the trial court correctly granted summary judgment to appellee on appellants' counterclaims for malicious use of process.

The trial court was also correct in granting summary judgment to appellee on appellants' counterclaims for malicious abuse of process.

" '[T]he defendant could not by way of cross-action sue the plaintiff for damages for having filed and prosecuted the very action in which the defendant asserts such counterclaim.' [Cits.] . . . [A] counterclaim for malicious abuse of process based upon the mere filing and maintaining of the main action by the plaintiff does not state a claim for damages which can be recovered in the trial of the same action. [Cits.]" *Medoc Corp. v. Keel*, 152 Ga. App. 684 (1), 688 (263 SE2d 543). Accord *Capitol City Roofing v. Wentz*, 165 Ga. App. 699 (2) (300 SE2d 322).

*Judgments affirmed. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 13, 1984 —
REHEARINGS DENIED SEPTEMBER 27, 1984 ▮▮▮▮▮▮▮

*Robert G. Tanner, Henry D. Green, Jr., K. Marc Barre, Jr.*, for appellants.

*Thomas W. Malone, James G. Stewart, Keith E. Fryer*, for appellee.