## 55835. HERRING v. RABUN TRUCKING COMPANY et al.

SMITH, Judge.

Appellant Herring, following a collision between his vehicle and one allegedly operated negligently by agents of Rabun Trucking Company, sued Rabun. Because at the time of the accident the Rabun vehicle was registered with the Georgia Public Service Commission (PSC) as a motor common carrier, appellant likewise filed a direct action against Rabun's insurer, Empire Fire & Marine Insurance Company, pursuant to Code § 68-612. The policy issued by Empire extended coverage up to $100,000 per person, thus exceeding the $25,000 per-person minimum which PSC rules require carriers like Rabun to have. Empire filed a "motion to reduce ad damnum," contending it could be sued *directly* for no more than the minimum required coverage of $25,000. The trial court granted the motion, and we granted appellant's application for an interlocutory review. Since we find nothing in Code § 68-612 which limits an insurer's direct liability to the $25,000 minimum required coverage, we reverse.

Code § 68-612 requires freight carriers to post bond or, as one alternative, to file a policy of indemnity insurance. Such insurance or bond is for the purpose of securing parties who may be injured by the carrier's negligence. The statute directs the PSC to "determine, approve, and fix the amount of such bonds"; further, it allows a plaintiff who files suit against the carrier to join the carrier's indemnity insurer as a party to the action. The amount of the bond or insurance policy that Rabun was required to obtain is fixed by PSC Rule 26 at "not less than" $25,000 per person and $100,000 per accident.

Empire contended in its motion to reduce ad damnum that where under Code § 68-612 the insurer has been

joined as a party, only $25,000 damages can be pleaded against the insurer because of PSC Rule 26. We see no such limitation in the statute. The statute allows the PSC to fix the amount of coverage required, and it allows a plaintiff to join as a party the insurance carrier who has issued a policy to meet the coverage requirement. In this case, the PSC set the amount at "not less than . . .$25,000," Empire issued such a policy, and the appellant brought in Empire as a party defendant. The requirements of Code § 68-612 were met, and we will not engraft onto that statute a heretofore unstated limitation on Empire's direct liability under the statute.

A similar argument was rejected by the Fifth Circuit Court of Appeals in the only case we have found dealing with this precise question: "Also, we find no Georgia case holding that if the insurer issues a single policy for more than the statutory minimum, the plaintiff suing under § 68-612 may secure a judgment against that insurer for only the minimum. The statute contains no such limitations. The insurance required by § 68-612 is indemnity insurance, not liability insurance. It would create multiple litigation to require the plaintiffs to recover from the indemnitor the statutory minimum in the initial suit and file later suits for excess amounts." Gates v. L. G. DeWitt, Inc., 528 F2d 405, 412 (5th Cir. 1976).

The trial court erred in its order limiting to $25,000 the damages which could be recovered directly from Empire. That order is reversed.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

ARGUED MAY 2, 1978 — DECIDED OCTOBER 25, 1978.

*Barwick, Bentley, Hayes & Karesh, M. Cook Barwick, Gary L. Seacrest, James C. Abbot, Robert Hayes,* for appellant.

*Fulcher, Hagler, Harper & Reed, Wiley S. Obenshain, III, J. Ronald Mullins, Jr.,* for appellees.