## S00G0613. THOMPSON et al. v. EZOR.
### (536 SE2d 749)

SEARS, Justice.

This Court granted certiorari to consider the Court of Appeals' ruling that the self-contradictory testimony rule of *Prophecy Corp. v.*

*Charles Rossignol, Inc.*,[1] does not apply to the testimony of a non-party expert witness who submits an OCGA § 9-11-9.1 affidavit in support of a claim of professional malpractice.[2] Having considered this Court's precedent regarding the self-contradictory testimony rule, and the rationale behind the *Prophecy* opinion's application of that rule to summary judgment proceedings, we decline to extend the rule to the testimony of a non-party expert witness. Therefore, we affirm.

Elisa Ezor sued Keith Thompson, M.D., the Emory Clinic, and the Vision Correction Center, L.P. (collectively "Thompson") alleging medical malpractice in the performing of five vision correction surgeries over the course of three months. In support of her malpractice claim, Ezor submitted an OCGA § 9-11-9.1 affidavit from her medical expert, James Hayes, M.D. In his affidavit, Hayes asserted that the multiple surgeries performed by Thompson violated the applicable standard of care.

During discovery, Hayes gave deposition testimony in which he stated that rather than being negligent, Thompson's conduct was against "conventional wisdom" and "the party line." Hayes also conceded that Thompson's practices may actually have been "way ahead" of the ophthalmology profession, and Hayes admitted he was "not sure" Ezor was harmed by the second of the multiple vision correction operations that Thompson performed on her eyes.

Thompson then moved for summary judgment. Ezor responded by filing a second affidavit from Hayes, in which Hayes contradicted his deposition testimony by stating that Thompson had violated the standard of care by not waiting three months before performing the second surgery on Ezor's eyes, and that Ezor had suffered permanent injury as a result.

In deciding Thompson's summary judgment motion, the trial court applied the self-contradictory testimony rule of *Prophecy*, supra. In so doing, the trial court determined that Hayes's deposition testimony had contradicted his original affidavit, and that Hayes's second affidavit had not adequately explained that contradiction. Accordingly, the trial court disregarded the portions of Hayes's testimony favorable to Ezor. Insofar as Hayes's testimony was the only evidence in support of Ezor's malpractice claim, the trial court granted summary judgment in Thompson's favor.

The Court of Appeals reversed,[3] concluding that the self-contradictory testimony rule of *Prophecy* does not apply to the testimony of a non-party expert witness, including one who submits an

---

[1] 256 Ga. 27 (343 SE2d 680) (1986).
[2] *Ezor v. Thompson*, 241 Ga. App. 275 (526 SE2d 609) (1999).
[3] *Ezor*, supra.

OCGA § 9-11-9.1 affidavit. This Court granted certiorari, and we now affirm.

1. The "self-contradictory testimony rule" has been firmly entrenched in Georgia law for well over a century.[4] The rule states that: (1) the testimony of a party who testifies on their own behalf at trial is construed against them whenever it is self-contradictory, vague, or equivocal; and (2) whenever the only evidence in support of a claim or a defense is the favorable portion of a party's self-contradictory testimony, the other party is entitled to a directed verdict as a matter of law.[5]

In 1986, this Court decided *Prophecy Corp. v. Charles Rossignol, Inc.*, supra, in which we "clarif[ied] the circumstances under which the testimony of a respondent to a motion for summary judgment"[6] is subject to the self-contradictory testimony rule. In *Prophecy*, we held that if, on motion for summary judgment, a respondent offers self-contradictory testimony on a dispositive issue in the case, and if the contradiction is not adequately explained, the contradictory testimony must be construed against the respondent for purposes of summary judgment.[7] The *Prophecy* rule requires trial courts, when considering summary judgment motions, to (1) eliminate all portions of a party's self-contradictory testimony that are favorable to, and left unexplained by, that party; and (2) consider the remaining evidence in favor of the party opposing summary judgment.[8] Under *Prophecy*, it is only in situations where the favorable portion of a party's self-contradictory testimony is " 'the *only* evidence of his right to recover or of his defense' "[9] that the opposing party is entitled to summary judgment. Stated differently, the *Prophecy* rule does not apply in summary judgment proceedings when, after the rule is applied to exclude certain testimony, there remains uncontradicted testimony to support a claim or defense.

2. This Court has never applied the *Prophecy* rule to the testimony of a non-party witness, and we decline appellant's urging that we do so now by applying the rule to the testimony of an OCGA § 9-11-9.1 expert witness.

The *Prophecy* rule and the dictates of OCGA § 9-11-9.1 stand upon different legal footings, and are intended to fulfill different legal objectives. OCGA § 9-11-9.1 requires plaintiffs seeking damages for professional malpractice to file with their complaint an expert's

[4] *W & A R. Co. v. Evans*, 96 Ga. 481 (23 SE 494) (1895).
[5] *Douglas v. Sumner*, 213 Ga. 82 (97 SE2d 122) (1957). Accord *Prophecy*, supra.
[6] 256 Ga. at 27-28.
[7] 256 Ga. at 28-30.
[8] Id.
[9] (Citation omitted; emphasis in original.) *Korey v. BellSouth Telecommunications,* 269 Ga. 108, 109 (498 SE2d 519) (1998).

affidavit setting forth at least one negligent act or omission alleged to have occurred.[10] As such, it is an initial pleading requirement.[11] The legislative purpose behind the section 9-11-9.1 affidavit requirement is to reduce the number of frivolous malpractice claims that are filed.[12] That purpose is fulfilled when, before filing a complaint, a plaintiff investigates his or her claim sufficiently to secure an expert's affidavit. In no sense is the pleading requirement of section 9-11-9.1 intended to facilitate the just and efficient resolution of motions for summary judgment.[13]

The *Prophecy* rule, on the other hand, is intended to be used for "construing testimony"[14] in summary judgment proceedings, and is "separate from those rules allocating burdens of proof."[15] Specifically, the *Prophecy* rule is aimed at discouraging a party's temptation to commit perjury during a civil trial's summary judgment phase:

> [The] rule must necessarily be applied to summary judgment proceedings, otherwise "any opposing party may, by the simple device of filing conflicting affidavits, get the motion denied. The temptations to perjury are greater in this situation than in a jury trial."[16]

Extending the *Prophecy* rule to the testimony of a non-party OCGA § 9-11-9.1 expert witness, as urged by appellant, would not advance this intended purpose of the rule. In fact, applying the *Prophecy* rule to non-party expert witnesses would be inapposite to our precedent, which makes it clear that the self-contradictory testimony rule applies **only** to parties and **not** to non-party witnesses:

> [The] holding [that] "the testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him," when passing upon a motion for summary judgment, does not apply to contradictory statements by witnesses who are not parties to the litigation.[17]

In applying *Prophecy's* self-contradictory testimony rule, our precedent has remained clear that the rule applies only to the testimony of

---

[10] OCGA § 9-11-9.1 (a).

[11] *Robinson v. Starr*, 197 Ga. App. 440, 441 (398 SE2d 714) (1990).

[12] *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (378 SE2d 708) (1989).

[13] See id., 190 Ga. App. at 288 ("The purpose of OCGA § 9-11-9.1 is . . . not to require a plaintiff to prove a prima facie case entitling him to recover and capable of withstanding a motion for summary judgment before the defendant need file his answer.").

[14] *Prophecy*, 256 Ga. at 28.

[15] Id.

[16] Id.

[17] (Citation omitted.) *Miller v. Douglas*, 235 Ga. 222, 223 (219 SE2d 144) (1975).

parties to a case, and not to the testimony of witnesses who are not parties.[18] Likewise, the Court of Appeals has declined to extend the *Prophecy* rule to anything other than the testimony of a party or a party witness.[19]

There are compelling reasons why this precedent should remain undisturbed. Because a party to litigation is without power to prevent his or her witnesses from contradicting themselves when testifying, the party should not be held responsible under *Prophecy* when such contradictions inevitably arise in the testimony of expert witnesses. Furthermore, simply because an expert witness's testimony is contradicted is no cause for disregarding it under the *Prophecy* rule — the fact that an expert witness's testimony is contradictory has never rendered that testimony inadmissible. To the contrary, such contradictions go solely to the expert's credibility, and are to be assessed by the jury when weighing the expert's testimony.[20]

It follows that, for all of these reasons discussed above, we conclude that the self-contradictory testimony rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, supra, does not apply to the testimony of a non-party expert witness. Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000.

*Allen & Weathington, Hunter S. Allen, Jr., Scott A. Miller, Gary R. McCain, Krevolin & Horst, Michael D. Flint*, for appellants.
*Ezor & Olens, Samuel S. Olens*, for appellee.

---

[18] See *Prophecy*, 256 Ga. at 27-30; *Korey*, 269 Ga. 108; *Shiver v. Norfolk-Southern R. Co.*, 269 Ga. 168, 169 (496 SE2d 903) (1998); *Hudgins v. Broomberg*, 262 Ga. 271 (416 SE2d 287) (1992).

[19] See *Painter v. Continental Ins. Co.*, 233 Ga. App. 436, 437-438 (504 SE2d 285) (1998); *Allen v. King Plow Co.*, 227 Ga. App. 795, 799 (490 SE2d 457) (1997); *English v. Crenshaw Supply Co.*, 193 Ga. App. 354, 359 (387 SE2d 628) (1989).

[20] *Furse v. O'Kon*, 153 Ga. App. 703 (266 SE2d 343) (1980). See OCGA §§ 24-9-80; 24-9-85.