A08A1269. PATTERSON et al. v. BATES.
A08A1293. PATTERSON et al. v. SATILLA CARDIAC
PACEMAKER CLINIC.
(671 SE2d 195)

ADAMS, Judge.
John J. Patterson filed a medical malpractice action against Roger A. Bates, M.D., and Satilla Cardiac Pacemaker Clinic; his wife,

Virginia Patterson, filed a claim for loss of consortium. The trial court granted summary judgment to the defendants, and the plaintiffs appeal.

In compliance with OCGA § 9-11-9.1, the plaintiffs attached the affidavit of Christopher J. Klugewicz, M.D., to their complaint. In his affidavit, Dr. Klugewicz averred that he had performed surgery on John Patterson following the initial implantation of a dual chamber pacemaker by Dr. Bates.

According to Dr. Klugewicz's affidavit, Patterson suffered from "Pacemaker Syndrome" as a

> result of the patient having the reversal of pacemaker leads at the connection to the pulse generator. In my opinion, the operating physician was negligent in failing to properly install the pacemaker leads at the pulse generator. It is my further opinion that the medical professionals in the Satilla Pacemaker Clinic [where Patterson was seen and the pacemaker tested after the implantation] were negligent in failing to diagnose the patient's condition of being caused by a reversal of pacemaker leads at the connection to the pulse generator. It is also my medical opinion that the negligence of the physicians and the medical professionals in the Pacemaker Clinic constituted a failure to follow a generally accepted and customary practice and a failure to exercise the degree of care generally employed by medical professionals and operating physicians under similar conditions and circumstances which failure, in my opinion, directly caused the Pacemaker Syndrome with the related symptoms which Mr. Patterson suffered for more than a year.

(Paragraph indention and numbers omitted.)

During a subsequent deposition, Dr. Klugewicz testified that based on his review of additional medical records, which were not provided to him at the time of the initial affidavit, it appeared that the leads to the pacemaker might have become dislodged instead of being improperly reversed during the initial implantation. Thus, during his deposition he responded affirmatively when asked if "within a reasonable degree of medical probability [he] believe[d] that the leads were initially placed appropriately." He also equivocated in his earlier opinion that Satilla was negligent in failing to detect a problem with Patterson's pacemaker.

Both defendants filed motions for summary judgment after Dr. Klugewicz's deposition. The trial court granted both motions, although in separate orders. The trial court's order granting summary judgment to Satilla did not contain specific findings of fact or

conclusions of law. In its order granting summary judgment to Dr. Bates, the trial court made specific findings of fact and conclusions of law, including that Klugewicz had retracted his initial opinion that Dr. Bates negligently performed the pacemaker implantation after reviewing a complete set of Mr. Patterson's medical records. The court further concluded:

> The "self-contradictory testimony" rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986), does not apply in the present case because Dr. Klugewicz's initial opinions in his expert affidavit were not based upon a complete review of all of Mr. Patterson's medical records. . . . Since Dr. Klugewicz's deposition opinions are based on a different set of medical records than his initial affidavit opinions, the two sets of opinions are not "contradictory," but merely reflect the fact that they are based on different information. . . . Unlike the expert in the case of *Thompson v. Ezor*, 272 Ga. 849 (536 SE2d 749) (2000), . . . Dr. Klugewicz has given only one opinion in this case based upon a complete review of all the pertinent medical records, i.e., that Dr. Bates was not negligent. Since there is not a contradictory opinion from Dr. Klugewicz (based upon a full and complete review of Mr. Patterson's medical records), the rule of *Prophecy* . . . does not apply.

Additionally, the trial court went on to find that "[s]ince a full and complete set of sworn or certified medical records were not attached [to] Dr. Klugewicz's expert affidavit, his affidavit has no probative value with regard to Dr. Bates's motion for summary judgment and can not be used to create an alleged 'contradiction.'" In Case No. A08A1269, the Pattersons appeal the order granting summary judgment to Dr. Bates; in Case No. A08A1293, the Pattersons appeal the order granting summary judgment to Satilla. We have consolidated these appeals for disposition by this Court.

Our appellate courts have consistently held that the self-contradictory testimony rule of *Prophecy* applies only to the testimony of parties to a case, and not to the testimony of nonparty witnesses. *Thompson v. Ezor*, 272 Ga. at 853 (2). And our Supreme Court and this Court have specifically held that the self-contradictory testimony rule does not apply to the testimony of nonparty expert witnesses. Id.; *Ezor v. Thompson*, 241 Ga. App. 275 (526 SE2d 609) (1999). As our Supreme Court explained in affirming this Court's opinion in *Ezor v. Thompson*:

> There are compelling reasons why this precedent should

144

> remain undisturbed. Because a party to litigation is without power to prevent his or her witnesses from contradicting themselves when testifying, the party should not be held responsible under *Prophecy* when such contradictions inevitably arise in the testimony of expert witnesses. Furthermore, simply because an expert witness's testimony is contradicted is no cause for disregarding it under the *Prophecy* rule — the fact that an expert witness's testimony is contradictory has never rendered that testimony inadmissible. To the contrary, such contradictions go solely to the expert's credibility, and are to be assessed by the jury when weighing the expert's testimony.

(Footnote omitted.) *Thompson v. Ezor*, 272 Ga. at 853 (2).

Although the trial court stated the circumstances here were different from *Ezor* and like cases because the expert's subsequent deposition testimony was based on additional medical records which caused him to change his initial opinion, and thus in fact there was no contradiction here, and it was not applying the *Prophecy* rule impermissibly to exclude the expert's affidavit, we nevertheless find that the trial court erred by excluding Dr. Klugewicz's affidavit. Although Dr. Klugewicz's affidavit was based in part on his review of Mr. Patterson's medical records, his opinion was also based on his own examination and treatment of Mr. Patterson, including his observations during the surgery to correct the problems with the pacemaker. Likewise, this is not a case where the expert's affidavit was based on an "assumed" fact which was later proven incorrect. *Ezor v. Thompson*, 241 Ga. App. at 279, n. 4. This was a situation where the expert gave conflicting opinions based in part on his examination of the plaintiff and his personal observations on the one hand and on his review of medical records on the other. It is for a jury, not the trial court, to resolve this conflict and determine the credibility of plaintiffs' expert. *Thompson v. Ezor*, 272 Ga. at 853. Compare *Cannon v. Jeffries*, 250 Ga. App. 371 (551 SE2d 777) (2001) (this Court noted that the expert witness "substantially qualified" her opinion in later deposition testimony based upon additional facts not known at the time of her affidavit, yet the court considered only deposition testimony in finding summary judgment proper for defendant without specifically addressing whether opinion in affidavit was contradictory). It was impermissible for the trial court to disregard the expert's affidavit in this case. *Rodrigues v. Ga.-Pacific Corp.*, 290 Ga. App. 442, 445 (661 SE2d 141) (2008); *Whitley v. Piedmont Hosp.*, 284 Ga. App. 649, 655 (644 SE2d 514) (2007); *Dalton v. City of Marietta*, 280 Ga. App. 202, 205 (1) (633 SE2d 552) (2006). Moreover, since his affidavit was not based solely on a review

of Mr. Patterson's medical records, the trial court also improperly concluded that summary judgment was proper because certified medical records were not attached to Dr. Klugewicz's affidavit. The trial court's orders granting summary judgment to the defendants are accordingly reversed.

*Judgments reversed. Mikell, J., concurs. Smith, P. J., concurs in the judgment only.*

DECIDED NOVEMBER 14, 2008 —
RECONSIDERATION DENIED DECEMBER 11, 2008 — 

*Clark & Clark, Fred S. Clark*, for appellants.
*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Wade H. Coleman, Gregory T. Talley, Edward F. Preston, Scott C. Crowley*, for appellees.