**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 26, 2022**

# In the Court of Appeals of Georgia

A22A1603. EDWARDS v. ROUNDTREE et al.

BARNES, Presiding Judge.

Following the grant of their application for interlocutory appeal in this truck-collision case, the defendants, Thed Edwards and Progressive Mountain Insurance Company, appeal the trial court's order overruling their objections to the admissibility of the medical narrative report submitted by the plaintiff's orthopedic surgeon. In his medical narrative report, the surgeon related his opinion that the neck and back surgeries he performed on the plaintiff, Aleaf Roundtree, were the result of injuries or aggravation of injuries caused by the truck collision. On appeal, the defendants contend that the trial court abused its discretion in concluding that the medical narrative report satisfied the requirements of OCGA § 24-8-826 because it was an "improper and belated" attempt to change the surgeon's prior deposition testimony

and was not based on his personal knowledge derived from his treatment of the plaintiff. For the reasons discussed below, we affirm.

The record reflects that on December 12, 2016, Edwards was driving a tractor trailer when he rear-ended another tractor trailer stopped at a traffic light. On the day of the collision, the other driver, Roundtree, sought treatment for his back and neck at the emergency room. The next day, Roundtree saw a physician at Synergy Medical Center for treatment of back and neck pain, and, a few days later, he started physical therapy with a chiropractor there. After approximately seven months of treatment at Synergy without alleviation of his pain, Roundtree consulted with Dr. Thomas Lawhorne, an orthopedic spinal surgeon, who subsequently performed surgeries on his back and neck.

Seeking recovery of his medical expenses and other damages, Roundtree filed this personal injury suit against Edwards and his insurer, Progressive. During discovery, Edwards admitted in his deposition that he was at fault for the truck collision. Dr. Lawhorne also was deposed, and he testified that the back and neck surgeries he performed on Roundtree were medically necessary. However, Dr. Lawhorne testified that he did not have an opinion as to whether the surgeries he performed were causally related to the December 2016 collision.

2

The Synergy physician and chiropractor who treated Roundtree were deposed after Dr. Lawhorne. They described their treatment of Roundtree for his neck and back pain over the course of several months at Synergy and testified that, in their respective opinions, Roundtree's surgeries performed by Dr. Lawhorne were causally related to the injuries he sustained in the December 2016 collision.

The defendants subsequently filed a motion for partial summary judgment on the issue of whether Roundtree's back and neck surgeries were causally connected to the December 2016 collision.[1] The defendants argued that the truck collision was a "low speed accident," pointed to evidence that Roundtree had a preexisting disc bulge in his spine and was involved in another automobile accident after the December 2016 truck collision, and emphasized that Dr. Lawhorne testified in his deposition that he had no opinion on causation.

Roundtree opposed the summary judgment motion and thereafter filed a notice of his intent to introduce into evidence at trial a medical narrative report prepared by

---

[1] The defendants also moved to exclude the opinions on causation expressed by the Synergy physician and chiropractor in their depositions. The trial court denied the defendants' motion to exclude and their motion for reconsideration, but granted them a certificate of immediate review. The defendants filed an application for interlocutory appeal with this Court, which denied the application. See *Edwards v. Roundtree*, No. A22I0018 (Sept. 10, 2021).

Dr. Lawhorne pursuant to OCGA § 24-8-826. In his report, Dr. Lawhorne related that he provided medical care to Roundtree beginning in July 2017 and performed lower back surgery in November 2017 and neck surgery in January 2018. Dr. Lawhorne explained that at his prior deposition, he had been unable to provide an expert opinion on causation because, at that time, he did not have "knowledge of [Roundtree's] personal history and the medical care [Roundtree] received prior to his first visit to [his] office." However, Dr. Lawhorne explained that he had since reviewed Roundtree's Synergy medical records, the deposition testimony of the Synergy physician and chiropractor, and his own deposition testimony, and "it [was] now [his] expert medical opinion that more likely than not" the lower back and neck surgeries he performed on Roundtree "were the result of injuries or aggravation [that Roundtree] received in the December 12, 2016, vehicle wreck."

The defendants filed an objection to the admissibility of Dr. Lawhorne's medical narrative report. They argued that the report did not meet the requirements of OCGA § 24-8-826 because it was an untimely and improper effort to change Dr. Lawhorne's deposition testimony, and because it included an opinion on causation that was based on Dr. Lawhorne's review of medical records and deposition

4

testimony from other treating medical providers rather than on his personal knowledge derived from his treatment of Roundtree.

Following a hearing, the trial court entered its order denying the defendants' objections to the admissibility of Dr. Lawhorne's medical narrative report.[2] Additionally, the trial court granted the defendants a certificate of immediate review. The defendants filed an application for interlocutory appeal, which this Court granted, resulting in this appeal.[3]

OCGA § 24-8-826 provides a hearsay exception for the introduction at trial of a medical narrative report prepared by an examining or treating licensed physician or other health care professional listed in the statute if certain criteria are satisfied. See

---

[2] The trial court also ruled that the "[d]efendants will be allowed, as requested at the hearing, to call Dr. Lawhorne at trial to question him as to what [the Synergy physician and chiropractor's] opinions, if any, had on his opinion."

[3] The trial court does not appear to have entered an order addressing the defendants' pending motion for partial summary judgment.

*Bell v. Austin*, 278 Ga. 844, 845 (1) (a) (607 SE2d 569) (2005);[4] *Owensby v. Williams*, 355 Ga. App. 695, 697 (843 SE2d 899) (2020). OCGA § 24-8-826 (a) reads:

> Upon the trial of any civil proceeding involving injury or disease, any medical report in narrative form which has been signed and dated by an examining or treating licensed physician, dentist, orthodontist, podiatrist, physical or occupational therapist, doctor of chiropractic, psychologist, advanced practice registered nurse, social worker, professional counselor, or marriage and family therapist shall be admissible and received in evidence insofar as it purports to represent the history, examination, diagnosis, treatment, prognosis, or interpretation of tests or examinations, including the basis therefor, by the person signing the report, the same as if that person were present at trial and testifying as a witness; provided, however, that such report and notice of intention to introduce such report shall first be provided to the adverse party at least 60 days prior to trial. A statement of the qualifications of the person signing such report may be included as part of the basis for providing the information contained therein, and the

---

[4] *Bell* was decided under former OCGA § 24-3-18, but OCGA § 24-8-826 is virtually identical to the former statute. See *Owensby v. Williams*, 355 Ga. App. 695, 698 (a), n. 2 (843 SE2d 899) (2020). And there is no equivalent provision under the Federal Rules of Evidence. See Ronald L. Carlson & Michael Scott Carlson, Carlson on Evidence 613 (5th ed. 2016) ("OCGA 24-8-826 recreates former OCGA 24-3-18 and is not a statute contained in the Federal Rules of Evidence."). "If there is no materially identical Federal Rule of Evidence and a provision of the old Evidence Code was retained in the new Code, our case law interpreting that former provision applies," and "it is appropriate to rely on decisions under the old Code." (Citation and punctuation omitted.) *State v. Almanza*, 304 Ga. 553, 557 (2) (820 SE2d 1) (2018).

opinion of the person signing the report with regard to the etiology of the injury or disease may be included as part of the diagnosis. Any adverse party may object to the admissibility of any portion of the report, other than on the ground that it is hearsay, within 15 days of being provided with the report. Further, any adverse party shall have the right to cross-examine the person signing the report and provide rebuttal testimony. The party tendering the report may also introduce testimony of the person signing the report for the purpose of supplementing the report or otherwise.

We review a trial court's decision on the admissibility of a medical narrative report under OCGA § 24-8-826 only for an abuse of discretion. *Owensby*, 355 Ga. App. at 696. "An abuse of discretion occurs where a ruling is unsupported by any evidence of record or where that ruling misstates or misapplies the relevant law." (Citations and punctuation omitted.) Id. Guided by this standard of review, we turn to the defendants' claims of error.

1. The defendants argue that Dr. Lawhorne's medical narrative report did not satisfy the requirements of OCGA § 24-8-826 because the report was "an improper and belated attempt to change his deposition testimony via a makeshift and out-of-time errata sheet." The defendants emphasize that in his deposition, Dr. Lawhorne testified that he did not have an opinion on causation, but in his medical narrative

7

report, Dr. Lawhorne opined that the back and neck surgeries he performed resulted from the injuries or aggravation of injuries that Roundtree sustained in the December 2016 truck collision.

Contrary to the defendants' argument, Dr. Lawhorne's medical narrative report was not "belated." OCGA § 24-8-826 (a) provides that a "[medical narrative] report and notice of intention to introduce such report shall first be provided to the adverse party at least 60 days prior to trial," and the defendants do not contend that Dr. Lawhorne's medical narrative report failed to satisfy this 60-day deadline. Because Dr. Lawhorne's report undisputedly satisfied the deadline for providing notice under OCGA § 24-8-826, it was timely filed. See *Dalton v. City of Marietta*, 280 Ga. App. 202, 204 (1) (633 SE2d 552) (2006) (noting that former OCGA § 24-3-18 requires "giving the adverse party 60 days notice prior to trial," and that a medical report is "admissible at trial upon appropriate notice").

Nor was Dr. Lawthorne's medical narrative report inadmissible on the ground that it "improperly" sought to "change" his deposition testimony. In *Dalton*, 280 Ga. App. 202, a neurosurgeon who had examined the patient in the emergency room stated in his deposition that he was "reluctant to speculate" as to the cause of the patient's death, but he later prepared and submitted a medical narrative report in

8

which he expressed an opinion on causation. Id. at 204-205 (1). In granting summary judgment to the defendants, the trial court disregarded the report on the ground that it contradicted the neurosurgeon's prior deposition testimony. Id. In reversing the trial court, we held that, irrespective of whether the neurosurgeon's "deposition testimony contradicted his medical narrative report, or simply expressed a desire not to give a current opinion," the medical report was admissible under former OCGA § 24-3-18 for purposes of summary judgment and trial. See id. See generally *Thompson v. Ezor*, 272 Ga. 849, 852 (2) (536 SE2d 749) (2000) ("[T]he fact that an expert witness's testimony is contradictory has never rendered that testimony inadmissible. To the contrary, such contradictions go solely to the expert's credibility, and are to be assessed by the jury when weighing the expert's testimony."); *Connie v. Garnett*, 360 Ga. App. 24, 33 (2) (b) (860 SE2d 592) (2021) ("[E]ven if the affidavits contradict the experts' deposition testimony, such contradictions go solely to the experts' credibility, and are to be assessed by the jury when weighing the experts' testimony.") (citation and punctuation omitted); *Patterson v. Bates*, 295 Ga. App. 141, 144-145 (671 SE2d 195) (2008) (holding that conflict between surgeon's affidavit and deposition testimony went to the weight of the testimony rather than its admissibility and that "[i]t is for a jury, not the trial court, to resolve this conflict and determine the

9

credibility of plaintiffs' expert").[5] Hence, as made clear by our reasoning in *Dalton*, the trial court acted within its discretion in ruling that Dr. Lawhorne's medical narrative report was admissible under OCGA § 24-8-826 even if it differed from his prior deposition testimony.

2. The defendants also contend that Dr. Lawhorne's medical narrative report failed to satisfy the requirements of OCGA § 24-8-826 because his opinion on causation was not based on his personal knowledge derived from his treatment of Roundtree but rather on the medical records and deposition testimony of the Synergy physician and chiropractor. Again, we discern no abuse of discretion by the trial court.

> [OCGA § 24-8-826] provides a specified exception to the hearsay rule and allows admission of medical opinions without requiring the production of the doctor as a sworn witness at trial. . . . [T]he statute authorizes the admission of such reports insofar as they consist of medical opinions relating to the "history, examination, diagnosis, treatment, prognosis, or interpretation of tests or examinations,

---

[5] We note that the self-contradictory testimony rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986) applicable to summary judgment proceedings pertains only to the testimony of the parties to a case, not to the testimony of non-party expert witnesses. See *Thompson*, 272 Ga. at 852-853 (2).

including the basis therefor, by the person signing the report. . . ."
[OCGA § 24-8-826 (a)].

(Citation omitted.) *Dalton*, 280 Ga. App. at 204 (1). The statute further makes clear that the report can include the doctor's medical opinions on causation. See id.; OCGA § 24-8-826 (a) (stating that a medical narrative report can include the author's opinion of the "etiology," or cause, of the injury or disease as part of the diagnosis).

As previously noted, Dr. Lawhorne related in his medical narrative report that he began providing medical care to Roundtree in July 2017 and that he performed two surgeries on Roundtree, lower back surgery in November 2017 and neck surgery in January 2018. Dr. Lawhorne then expressed his medical opinion that the back and neck surgeries that he performed were the result of the injuries or aggravation of injuries Roundtree sustained in the December 2016 truck collision. "This constituted a properly expressed medical opinion relating to his [treatment] of [Roundtree]" that complied with OCGA § 24-8-826 (a). *Dalton*, 280 Ga. App. at 204 (1) (concluding that neurosurgeon's medical opinion on causation was admissible under the former medical narrative report statute as a "properly expressed medical opinion relating to his examination of [the patient]").

11

It is true that in forming his medical opinion regarding the cause of the surgeries he performed, Dr. Lawhorne relied on information he obtained from medical records and deposition testimony of other medical providers rather than solely on his own personal knowledge acquired from treating Roundtree. And according to the defendants, to meet the requirements of OCGA § 24-8-826 (a), an authoring doctor's opinions on causation expressed in his medical narrative report must be based only on his personal knowledge derived from his treatment of the patient. But the language of the statute does not support the narrow construction advocated by the defendants. While OCGA § 24-8-826 (a) refers to the authoring doctor providing "the basis" for the content of his medical narrative report, the statute does not restrict the basis upon which the doctor can rely in forming medical opinions to his own personal knowledge of facts acquired while treating the patient, and "we will not engraft onto . . . [the] statute a heretofore unstated limitation." *Herring v. Rabun Trucking Co.*, 147 Ga. App. 713, 714 (250 SE2d 167) (1978). See *Tolson v. Sistrunk*, 332 Ga. App. 324, 329 (1) (772 SE2d 416) (2015). (explaining that "courts may not constrict a subsection of [a] statute by engrafting upon it limitations the legislature has not enacted") (citation and punctuation omitted). Moreover, the statute expressly allows a physician authoring a medical narrative report to offer his expert opinion on the etiology or

12

cause of the patient's injury or disease, without specifying that the opinion must be based solely on the physician's personal knowledge. Indeed, qualified experts testifying at trial are not limited to expressing opinions based on their personal knowledge,[6] and OCGA § 24-8-826 (a) provides that a medical report "shall be admissible . . . the same as if that person were present at trial and testifying as a witness." Accordingly, we decline to impose the limitation on OCGA § 24-8-826 proposed by the defendants; any such limit must be imposed by the General Assembly, not this Court.[7]

---

[6] See OCGA § 24-7-703 (authorizing experts to base their opinions on "facts or data . . . of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject"); *Sanchious v. State*, 359 Ga. App. 649, 657 (2) (d) (859 SE2d 814) (2021) ("OCGA § 24-7-703 does not require that an expert have personal knowledge. Indeed, the rule allows an expert to base their opinion on facts and data reasonably relied upon by experts in their particular field.").

[7] The defendants also argue that Dr. Lawhorne's medical opinion was inadmissible because expert opinion testimony based on information other than personal knowledge must be expressed in response to properly posed hypothetical questions. The defendants' argument is without merit. Nothing in OCGA § 24-8-826 (a) requires the use of hypotheticals when a medical opinion is expressed in a medical narrative report. And, in any event, as we have explained more generally with respect to expert opinion testimony, "hypothetical questions are allowed, but not required, under the new Evidence Code." *Gipson v. State*, 332 Ga. App. 309, 316 (3), n. 6 (772 SE2d 402) (2015). See OCGA § 24-7-705; *Taylor v. Burlington Northern R. Co.*, 787 F2d 1309, 1317 (9th Cir.1986) ("Federal Rule of Evidence 705 largely eliminates the need for counsel to ask [hypothetical] questions, because the rule permits an expert to testify as to his opinion without counsel's providing him with a factual basis for

For these reasons, we conclude that the trial court did not abuse its discretion in overruling the defendants' objections to the admission of Dr. Lawhorne's medical narrative report pursuant to OCGA § 24-8-826 (a).[8] Accordingly, we affirm.

*Judgment affirmed. Brown and Hodges, JJ., concur.*

---

it."). See also Paul S. Milich, Ga. Rules of Evidence § 15:7 (Oct. 2022 update) ("Hypothetical questions are no longer required but are still allowed.").

[8] Our decision in this case does not preclude a party from timely challenging the admissibility of an expert opinion contained in a medical narrative report on other grounds, such as by contesting the qualifications of the expert to offer such an opinion. See OCGA § 24-8-826 (a) ("Any adverse party may object to the admissibility of any portion of the report, other than on the ground that it is hearsay, within 15 days of being provided with the report."); *Bell*, 278 Ga. at 846 (1) (c) (noting that the appellant could have contested the admissibility of the medical narrative report "on the ground that the author lacked the expert qualifications to offer any of the opinions expressed therein").