**SECOND DIVISION**
**DOYLE, P. J.,**
**RICKMAN, P. J. and GOBEIL, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**

**https://www.gaappeals.us/rules**

**June 13, 2025**

# In the Court of Appeals of Georgia

A25A0319. WEBSTER v. CAMPBELL et al.

DOYLE, Presiding Judge.

This case arises from the trial court's grant of summary judgment to Eric Campbell and Hansen & Adkins Auto Transport, Inc. ("Hansen") (collectively, "the Defendants"), regarding injuries Dexter Webster allegedly sustained in a car accident negligently caused by Campbell. The trial court determined that Webster's claims were barred by the exclusive remedy provision of the Georgia Workers' Compensation Act ("WCA"). Webster now appeals from that order, arguing, in two related enumerations of error, that the trial court erred by concluding that he was Hansen's employee, rather than an independent contractor. For the reasons that follow, we affirm.

"We review the grant of a motion for summary judgment de novo, viewing the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant."[1]

So viewed, the record reflects that in 2022, Webster was a passenger in a vehicle driven by Campbell that struck another vehicle. At the time of the accident, Campbell and Webster both worked for Hansen, which owned the vehicle that Campbell was driving. The accident occurred while Webster was working for Hansen as a vehicle transporter.

In 2023, Webster sued Campbell for negligence related to the accident and later amended his complaint to add Hansen as a party defendant based on a theory of vicarious liability. In particular, Webster alleged the following in his amended complaint: that Campbell and Webster were both employees of Hansen at the time of the accident; that Hansen owned the vehicle Campbell was driving; and that Campbell was acting within the scope of his employment when the accident occurred. In their answers, the Defendants admitted the truth of each of these allegations. Moreover, in

---

[1] (Punctuation omitted.) *Odom v. Franklin*, 368 Ga. App. 246, 246 (889 SE2d 405) (2023). See also *York v. Moore*, 367 Ga. App. 152, 154 (1) (885 SE2d 193) (2023) ("[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.") (punctuation omitted).

Webster's verified responses to the Defendants' interrogatories, he listed Hansen as his employer from 2016 to 2022 and indicated that he "was working in the course and scope of his employment at the time o[f] the incident at Hansen . . . as an [a]uto transporter."

The Defendants moved for judgment on the pleadings or, alternatively, for summary judgment, arguing that the WCA's exclusive remedy provision barred Webster's lawsuit to the extent that the accident occurred during the course and scope of his employment with Hansen. In his response to the motion, Webster disclaimed his status as an employee of Hansen, asserting instead that he was an independent contractor at the time of the accident. In support of this assertion, Webster produced a document purporting to be a 2017 independent contractor agreement between him and Hansen.[2] The document refers to Webster as a contractor, provides that a contractor is not an employee of the company, and requires Webster to maintain his own insurance. The document also states that "[t]he independent contractor relationship shall be for all purposes, including workmen's compensation as allowed and by the applicable state worker's compensation laws of

---

[2] Although the document does not bear Webster's full signature, it was signed by Hansen, and Webster initialed each page of the document, including the signature page.

the state of domicile . . . ." Webster also produced documents purporting to be summaries of payments from Hansen to Webster from 2022 that were labeled as independent contractor settlement summaries.[3]

The trial court granted the Defendants' summary judgment motion. In its order, the trial court found that Webster had claimed to be an employee of Hansen in his amended complaint and that Webster's interrogatory responses identified Hansen as his employer from 2016 to 2022. Additionally, the trial court found that Webster had specifically admitted in his interrogatory responses that he was working in the course and scope of his employment with Hansen as a vehicle transporter at the time of the accident. The trial court concluded that because the purported independent contractor agreement lacked Webster's signature and was not otherwise authenticated, it could not constitute admissible evidence sufficient to create a jury issue as to whether Webster was an employee or independent contractor at the time of the accident.[4] Nevertheless, the trial court noted the conflict between the purported agreement and Webster's representations in his pleadings and discovery responses

_____

[3] Neither the purported independent contractor agreement nor settlement summaries were authenticated by affidavit or other sworn testimony.

[4] The trial court's order did not rule on the admissibility or legal import of the purported independent contractor settlement summaries.

and resolved this conflict in the Defendants' favor. Accordingly, the trial court concluded that Webster was an employee of Hansen at the time of the accident and that his lawsuit was thus barred by the WCA's exclusive remedy provision.[5] This appeal followed.

In his two enumerations of error, Webster contends that the trial court erred (1) by deeming the purported independent contractor agreement inappropriate for consideration on summary judgment and (2) by ruling that any conflict between the purported agreement and Webster's pleadings and discovery responses should be resolved against him. We discern no basis for reversal.

The Georgia WCA "provide[s] a complete and exclusive system and procedure for the resolution of disputes between employers and employees . . . concerning accidents and injuries arising out of and in the course of employment as defined by this chapter."[6] Pursuant to the WCA's exclusive remedy provision, "[t]he rights and remedies granted to an employee by this chapter shall exclude and be in place of all other rights and remedies of such employee[.]"[7] In the event that "the [WCA]

---

[5] OCGA § 34-9-11 (a).

[6] OCGA § 34-9-23.

[7] OCGA § 34-9-11 (a).

applies, the exclusive remedy provision not only prevents the injured employee from bringing a tort claim against the employer, but also prevents a tort claim against any co-employees of the same employer."[8]

Whether the WCA's exclusive remedy provision bars a lawsuit is a question of law subject to de novo review.[9] And we will affirm a trial court's grant of summary judgment "if it is correct for any reason, even if that reason is different than the reason upon which the trial court relied."[10]

1. Webster contends that the trial court erred by concluding that the purported independent contractor agreement could not be authenticated absent Webster's signature or other sworn testimony, given that authenticity may be inferred from

---

[8] (Punctuation omitted.) *McLeod v. Blase*, 290 Ga. App. 337, 338-339 (1) (659 SE2d 727) (2008). See also *Wall v. Phillips*, 210 Ga. App. 490, 491 (436 SE2d 517) (1993) ("Under OCGA § 34-9-11 (a), the Georgia [WCA] is now the exclusive remedy for injuries sustained by an employee during the course of employment resulting from the negligence of a co-worker.") (punctuation omitted).

[9] See *Savannah Hospitality Svcs., LLC v. Scriven*, 350 Ga. App. 195, 198 (828 SE2d 423) (2019).

[10] (Punctuation omitted.) *Barrett v. Farrior*, 371 Ga. App. 714, 719 (2) (902 SE2d 697) (2024). See also *City of Gainesville v. Dodd*, 275 Ga. 834, 838 (573 SE2d 369) (2002) (noting appellate courts' discretion in addressing issues raised in but not addressed by the trial court).

circumstantial evidence.[11] Webster is correct in this premise, as far as it goes.[12] The purported agreement was signed by Hansen, initialed by Webster on every page, including the signature page, and contained terms and language typically found in independent contractor agreements. The trial court should have considered these factors in ruling on the writing's authenticity.[13]

Nevertheless, this error provides no basis for reversal because Webster is conclusively bound by the factual assertions in his pleadings.[14] Webster alleged in his amended complaint that he was an employee of Hansen at the time of the accident and

---

[11] Webster also contends that the trial court should have considered the purported independent contractor settlement summaries admissible for the same reason.

[12] See OCGA § 24-9-901 (b) (4) (permitting authentication of documents by way of "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances"); *Koules v. SP5 Atlantic Retail Ventures, LLC*, 330 Ga. App. 282, 286 (2) (767 SE2d 40) (2014) ("The Evidence Code recognizes a wide variety of means by which a party may authenticate a writing; the use of circumstantial evidence is one of these methods.").

[13] The same analysis applies to the purported independent contractor settlement summaries relied upon by Webster.

[14] See OCGA § 24-8-821 ("Without offering the same in evidence, either party may avail himself or herself of allegations or admissions made in the pleadings of the other."); *Anderson v. Kaye*, 371 Ga. App. 626, 629 (1) (901 SE2d 765) (2024) ("[F]actual assertions in pleadings[,] . . . unless amended, are considered judicial admissions conclusively binding on the party who made them.") (punctuation omitted).

never amended or otherwise withdrew this allegation. And after both Defendants had admitted the truth of this allegation in their answers, Webster further confirmed his status as an employee of Hansen in his verified discovery responses. Thus, for summary judgment purposes, this issue is settled — Webster's alleged injuries occurred in the course of his employment with Hansen. Authenticity issues aside, the purported evidence to the contrary, including the independent contractor agreement and settlement summaries, cannot controvert Webster's judicial admission as to his employment with Hansen.[15]

"[T]he relationship . . . of employer/employee or employer/independent

---

[15] See OCGA § 24-14-26 (a) ("[A]verments to the contrary of [conclusive admissions in judicio] shall not be allowed."); *Robertson v. Robertson*, 333 Ga. App. 864, 869 (1) (778 SE2d 6) (2015) ("[I]t is well established that a party may make admissions in judicio in their pleadings, . . . and what a party admits to be true in its pleadings may not subsequently be denied.") (citations and punctuation omitted); *Keeley v. Cardiovascular Surgical Assoc., P.C.*, 236 Ga. App. 26, 27 (1) (510 SE2d 880) (1999) ("[A]dmissions in judicio in a party's pleadings bind the party so that they cannot put up evidence over objection to contradict such admissions."); *In the Interest of M. O.*, 233 Ga. App. 125, 128 (1) (503 SE2d 362) (1998) ("[An] admission in judicio is conclusive and binding upon the party and estops the party from denying the admission or introducing any evidence to controvert such admission, even if the admission is not true.").

contractor 'is generally a question of fact to be decided by a jury.'"[16] Moreover,

> [u]nder longstanding Georgia law, the true test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and [employee], or employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract. The right to control the time means the employer has assumed the right to control the person's actual hours of work. The right to control the manner and method means the employer has assumed the right to tell the person how to perform all details of the job, including the tools he should use and the procedures he should follow.[17]

While the relationship of employer/employee is normally a question of fact for the jury, here this fact is undisputed based on the pleadings. Webster's status as an employee being thus established, the trial court correctly ruled that the WCA's exclusive remedy provision barred his lawsuit.[18]

2. Webster next contends that the trial court erred by resolving the conflict

---

[16] *Cajun Constr. v. Peachtree Property Sub, LLC*, 360 Ga. App. 390, 394 (1) (a) (861 SE2d 222) (2021), quoting *Slater v. Canal Wood Corp.*, 178 Ga. App. 877, 878 (1) (345 SE2d 71) (1986).

[17] (Punctuation omitted.) Id., quoting *Stalwart Films v. Bernecker*, 359 Ga. App. 236, 240-241 (1) (855 SE2d 120) (2021).

[18] See, e.g., *McLeod*, 290 Ga. App. at 338-339 (1).

between the allegations in his pleadings about his employment and the purported independent contractor agreement against him. We discern no basis for reversal.

The trial court held that Webster could not take a position on summary judgment that contradicted the allegations in his amended complaint, stating that "[c]onflicts of this nature are resolved against the proponent." The trial court's order provides no citation or analysis in support of this statement.[19] Neither does it contain any reference to the doctrine of judicial admissions. Nevertheless, "[a] grant of summary judgment must be affirmed if it is right for any reason, whether stated or unstated in the trial court's order, so long as the movant raised the issue in the trial court and the nonmovant had a fair opportunity to respond."[20] As discussed in Division 1, the trial court reached the correct result here — albeit for reasons different from those stated in its order — on the basis of Webster's admissions in judicio and

---

[19] The trial court may have been alluding to the rule that "if, on motion for summary judgment, a respondent offers self-contradictory testimony on a dispositive issue in the case, and if the contradiction is not adequately explained, the contradictory testimony must be construed against the respondent for purposes of summary judgment." *Thompson v. Ezor*, 272 Ga. 849, 851 (1) (536 SE2d 749) (2000). But this rule applies only to contradictions in the testimony of a party, see id. at 852-853 (1), not conflicts between allegations and nontestimonial evidence, as applied here.

[20] (Punctuation and emphasis omitted.) *Georgia-Pacific, LLC v. Fields*, 293 Ga. 499, 504 (2) (748 SE2d 407) (2013).

application of the WCA's exclusive remedy provision. The Defendants raised these issues below, and Webster, the nonmovant, had a fair opportunity to respond to them. Accordingly, we apply the right-for-any-reason doctrine to affirm the trial court's grant of summary judgment here.

*Judgment affirmed. Rickman, P. J., and Gobeil, J., concur.*